338 So.2d 270 (1976)
John CLAFFEY and Jo Ann Claffey, Husband and Wife, Appellants,
v.
Andrew P. SERAFINO, Appellee.
No. 76-682.
District Court of Appeal of Florida, Second District.
October 22, 1976.
*271 Steven L. Sommerfield, Venice, for appellants.
John J. Dulmer, Jr., of Snyder & Dulmer, Venice, for appellee.
BOARDMAN, Acting Chief Judge.
Appellants on January 20, 1976 filed suit for ejectment against appellee. Appellee failed to answer the complaint, and a default was entered March 16, clearly more than twenty days after service of the summons and copy of the complaint. The final judgment was rendered the next day. On March 26 appellee moved for a rehearing and for relief from the final judgment. This is an appeal from the trial court's order of April 7 vacating the final judgment and default.
The Florida courts have liberally applied Fla.R.Civ.P. 1.540(b) to set aside defaults to permit trial on the suits. See Freedman v. Geiger, 314 So.2d 189 (Fla. 3d DCA 1975). Nonetheless the burden is on the movant to establish both a legal excuse for failure to comply with the rules and a meritorious defense. E.g. Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (Fla. 1st DCA 1964). The affidavit submitted by appellee to the trial court in support of his motion states that he did not understand his legal obligations attendant to service of process and receipt of the complaint. He submits that his misimpression that he would receive further notice of the proceedings was legal cause for his failure to answer the complaint. Prior to the institution of this action appellee was advised by his usual attorneys that they could not represent him in a dispute between him and appellants. He did not contact other counsel until several days after the entry of the final judgment. We believe that appellee's failure to take action in these circumstances is not sufficient to meet the required showing of "mistake, inadvertence, surprise or excusable neglect" as provided in Fla.R.Civ.P. 1.540(b).
Furthermore the record does not reflect that appellee has a meritorious defense to the suit for ejectment. The mere conclusory statement in his motion to that effect is insufficient.
Accordingly we reverse and remand to the trial court with directions to vacate the order of April 7, 1976.
GRIMES and SCHEB, JJ., concur.