567 So.2d 909 (1990)
GOLDOME, a New York Savings Bank, Appellant,
v.
Stella S. DAVIS, Appellee.
No. 89-03091.
District Court of Appeal of Florida, Second District.
August 31, 1990.
*910 Sharon A. Meininger, St. Petersburg, for appellant.
James A. Neel, North Fort Myers, for appellee.
LUTEN, CLAIRE K., Associate Judge.
Goldome has appealed the trial court's order setting aside a final judgment and writ of garnishment issued after a default. We reverse the trial court's order because the defendant, Stella S. Davis, did not establish a legal excuse for failing to respond to the complaint.
Goldome caused Davis to be served a two-count complaint on February 4, 1988. Count I was an action to foreclose a mortgage; count II was an action for damages for default on a promissory note. The clerk entered a default on March 4, 1988. Goldome dismissed the foreclosure count, and on February 23, 1989, the trial court filed a final judgment against Davis in the amount of $44,249.88. Thereafter, on June 14, 1989, Goldome filed a motion for writ of garnishment. On July 6, 1989, an attorney on behalf of Davis filed a motion for relief from final judgment. In the unverified motion, Davis asserted that she was unrepresented by counsel earlier in the proceedings and did not realize that she would be responsible for a personal money judgment. After a hearing on the motion, the trial court set aside the final judgment and dissolved a writ of garnishment, finding that Davis demonstrated excusable neglect.
Florida Rule of Civil Procedure 1.540(b) allows a court to set aside a final judgment entered after default if the movant establishes a legal excuse for failing to respond to the complaint and presents a meritorious defense. Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976). In the present case, Davis testified that she read the complaint and thought that Goldome "only wanted the property back." Davis did not understand that Goldome also sought a money judgment against her. She, therefore, did not retain an attorney to represent her until Goldome moved to garnish her account with Dean Witter Reynolds, Inc.
Davis's situation is unfortunate; however, her reason for failing to respond to the complaint does not constitute a legal excuse to set aside a judgment. A defendant's failure to retain counsel or a defendant's failure to understand the legal consequences of his inaction is not excusable neglect. See Kapetanopoulos v. Herbert, 449 So.2d 947, 949 (Fla. 2d DCA 1984); Claffey, 338 So.2d at 271. The fourth district has succinctly stated the law on this matter in the following way:
The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to service of process does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of a final judgment.
John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385-86 (Fla. 4th DCA), cert. denied sub nom. Peterson v. John Crescent, Inc., 389 So.2d 1113 (Fla. 1980). Accord: Shipp Corp. v. Charpilloz, 414 So.2d 1122, 1124 (Fla. 2d DCA 1982).
*911 The trial court abused its discretion when it set aside the final judgment because Davis failed to maintain her burden of establishing a legal excuse.[1]See Rude v. Golden Crown Land Dev. Corp., 521 So.2d 351 (Fla. 2d DCA 1988). Accordingly, we vacate the trial court's order granting the motion for relief from final judgment.
RYDER, A.C.J., and LEHAN, J., concur.
NOTES
[1] Based on this holding, it is unnecessary for us to determine the other points argued in the briefs: whether Davis presented a meritorious defense and whether Davis employed due diligence in bringing the motion for relief.