HARRIS, Chief Judge.
The issue in this case is not the correctness of the trial court’s ruling but rather whether it had jurisdiction to enter the ruling challenged herein. A final judgment of dissolution was entered on October 3, 1991. Rhonda L. Hurley (wife) timely petitioned for rehearing because, among other objections, “the Final Judgment fails to include certain assets and liabilities which the husband failed to accurately disclose to the Court.”
A hearing, unreported, was held on this motion and the court entered an order containing the following:
That the Petitioner, Rhonda L. Hurley’s Motion for Rehearing be and the same is hereby denied except as it pertains to the issue of whether or not an additional asset was not husband’s total retirement in the amount of $17,256.36 which was initially on deposit with.Payne [sic] Webber and subsequently transferred to NARDT and subsequently disbursed to the Husband. This asset was not considered by the Court as part of the equitable distribution of the marital assets and the court specifically reserves jurisdiction to consider this issue and make a determination at a subsequent hearing upon proper notice.
We determine that the reference to “this issue” refers only to the potential claim involving the $17,256.36 deposit. By reserving jurisdiction only on this point, all other provisions of the final judgment, after the appeal period ran, became final. There was no appeal.
Several months later when the rehearing was held, the wife presented evidence relating to the $17,256.36 claim. She also asserted claims relating to certain contract rights and other financial matters which she discovered several months after the court’s reservation of jurisdiction and which she claimed were not properly considered by the judge at the original dissolution hearing. The court, in spite of its limited reservation of jurisdiction, considered these additional unreserved issues. In that, we hold the court erred.
The wife had, and perhaps has, an appropriate remedy under Rule 1.540, Rules of Civil Procedure. But the court may not consider issues not properly reserved after the judgment becomes final.
We affirm that portion of the order on rehearing that divides the $17,256.36. We reverse the other provisions of that order as being outside the court’s jurisdiction.[1] We remand for entry of an order consistent with this opinion.
AFFIRMED in part; REVERSED in part and REMANDED.
PETERSON and THOMPSON, JJ., concur.

. Although the court had jurisdiction to consider attorney's fees, we reverse the present award and remand for further consideration of such award in light of this opinion.