696 So.2d 539 (1997)
JOE-LIN, INC. and Tibby's, Inc., Appellants,
v.
LRG RESTAURANT GROUP, INC., et al., Appellees.
No. 97-289.
District Court of Appeal of Florida, Fifth District.
July 11, 1997.
*540 William R. Barker, Orlando, for Appellants.
Mario A. Garcia, Orlando, for Appellees.
DAUKSCH, Judge.
This is an appeal from an order setting aside a default. Because appellees failed to file a proper response and failed to appear at the hearing for entry of default, we quash the order.
Appellants filed a complaint against LRG Restaurant Group (hereinafter "LRG") and White Butter Bean Restaurants (hereinafter "WBB") alleging breach of lease. In addition, appellants maintained that WBB failed to pay a contractor for certain improvements and as a result the contractor filed a construction lien. They also contend that $130,000 in personal property was missing from the site. Additionally, appellants sought to pierce the corporate veil and hold LRG responsible for WBB's debts.
Appellants served the summons and complaint on LRG and WBB on September 4, 1996. Gerald Parker, an LRG corporate officer, replied for LRG on September 23 at 6:13 p.m. by fax. The letter was his written response to the complaint and he advised appellants that LRG and WBB were two separate corporations and thus LRG was not responsible for WBB's debts. Appellants' attorney received a certified copy by mail on September 26. The record indicates LRG never filed a copy of the letter with the court. On September 27, appellants filed a motion to enter default alleging it had been more than twenty days and neither LRG or WBB had filed any responsive pleading. They also noticed LRG and WBB of a hearing for October 8. LRG and WBB did not attend the hearing. The trial judge entered an order of default against LRG and WBB on the day of the hearing. Appellants next filed a notice of hearing to be heard on the entry of final judgment and attorney's fees. WBB and LRG filed a verified motion to vacate default. They claimed each defendant could establish excusable neglect and a meritorious defense. The trial court held a hearing on January 6, 1997 and set aside the default.
Florida courts have a strong public policy preference to decide cases on their merits. Venero v. Balbuena, 652 So.2d 1271 (Fla. 3d DCA 1995). However, it is an abuse of discretion for the trial court to set aside a default judgment where the defendant has not demonstrated excusable neglect and a meritorious defense. Armando v. Plazza, 658 So.2d 1169 (Fla. 2d DCA 1995).
LRG maintains that its letter to appellants, although defective, constituted an answer thereby requiring appellants to provide "notice of defect." We disagree. A pleading signed by a corporate officer who is not a licensed attorney is a nullity and has no effect. Daytona Migi Corp. v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982); Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966); but see Telepower Communications, Inc. v. LTI Vehicle Leasing Corp., 658 So.2d 1026 (Fla. 4th DCA 1995); Szteinbaum v. Kaes *541 Inversiones y Valores, C.A., 476 So.2d 247 (Fla. 3d DCA 1985).
Further, we conclude that appellees failed to establish excusable neglect. LRG maintains that it demonstrated excusable neglect through its mistaken belief that its letter mooted appellants' motion to enter default. The corporation did not appear at the hearing because it believed its letter crossed appellants' motion for default in the mail. In its opinion such confusion constitutes excusable neglect. However, an analysis of the facts establishes that LRG and WBB were not only negligent but grossly negligent. Appellees contend that their letter was a responsive pleading. This was a legal conclusion the corporation evidently made without the benefit of counsel. Further, when they were notified later by mail of the motion for default, the corporations still did not obtain counsel's advice on how to proceed. They made an assumption that the motion was mooted. These conclusions and assumptions required a knowledge of the law which they did not possess. Simply put, LRG and WBB failed to take the required steps to defend their interests. A defendant's failure to retain counsel or a defendant's failure to understand the legal consequences of his inaction is not excusable neglect. Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990). The law requires a party to exercise due diligence to protect its interests and the failure to take the required steps standing alone cannot be grounds to vacate judicially authorized acts. John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied. sub nom., Peterson v. John Crescent, Inc., 389 So.2d 1113 (Fla.1980). It is significant that even the trial court had its doubts about whether LRG or WBB had demonstrated excusable neglect. Because LRG and WBB failed to establish excusable neglect there is no reason to decide whether they established a meritorious defense.
ORDER QUASHED; REMANDED.
HARRIS and PETERSON, JJ., concur.