722 So.2d 976 (1999)
MORENO CONSTRUCTION, INC., Appellant,
v.
CLANCY & THEYS CONSTRUCTION CO., Appellee.
No. 98-2041
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
Oscar Gonzalez, Jr., of the Center for Professional Legal Services, Orlando, for Appellant.
Brian P. Kirwin and James C. Washburn of Lyon, Bergholtz & Kirwin, P.A., Orlando, for Appellee.
ANTOON, J.
This is an appeal challenging the final default judgment entered against Moreno Construction, Inc. (corporation). The corporation maintains that the trial court erred in denying its motion to set aside the default upon which the final judgment is based. We agree and therefore reverse.
The proceedings in the trial court were of very short duration. From the date of service of the complaint to the date of entry of the final default judgment less than thirty days elapsed.
After a dispute arose involving a construction project, Clancy & Theys Construction Company (Clancy) filed this breach of contract action against the corporation. On April 29, 1998, the corporation was served with the complaint. Nineteen days later, Ivan Moreno, president of the corporation, filed an answer on behalf of the corporation. Within the next week, Clancy filed a motion for default and served the corporation with a notice of hearing on the motion. The motion cited to rule 1.500(b) of the Florida Rules of Civil Procedure which provides, in pertinent part:
RULE 1.500 DEFAULTS AND FINAL JUDGMENTS THEREON

*977 * * *
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
On May 22, the trial court conducted a hearing on the motion for default. A representative of the corporation appeared at the hearing. Upon review, the court entered a default against the corporation, concluding that a proper responsive pleading had not been filed. Specifically, the court concluded that Mr. Moreno's answer was not an authorized responsive pleading because it was not filed by a licensed attorney. The court also advised the corporate representative to immediately obtain counsel, but on the next work day, May 26, the trial court conducted an ex parte hearing and entered a final judgment against the corporation in the amount of $395,026.87.
Three days after the final judgment was entered, the corporation, through counsel, filed a motion to set aside the final judgment. The trial court conducted a hearing and then denied the motion, ruling that the answer filed by Mr. Moreno was a nullity and thus the corporation had failed to establish excusable neglect. To support its ruling the trial court cited to Joe-Lin, Inc. v. LRG Restaurant Group, Inc., 696 So.2d 539 (Fla. 5th DCA 1997). This appeal followed.
A party seeking to vacate a default must demonstrate that the failure to file a responsive pleading was the result of excusable neglect, and that there existed a meritorious defense. See Mims v. Miller, 513 So.2d 1120 (Fla. 2d DCA 1987). Here, the only issue for our determination is whether the trial court properly concluded that the corporation failed to establish excusable neglect. "To demonstrate excusable neglect, the defendant must by affidavit or other sworn statement set forth facts explaining the mistake or inadvertence." DeRuyter v. State, 521 So.2d 135, 136 (Fla. 5th DCA 1988), disapproved on other grounds, 605 So.2d 56 (Fla.1992).
In moving to vacate the default, the corporation submitted an affidavit in which Mr. Moreno stated that the only reason that an improper responsive pleading had been filed was because he was not aware that a corporation must be represented by counsel in circuit court. The affidavit further stated that "immediately upon learning of the attorney requirement, [Mr. Moreno] sought out and hired an attorney to represent [the corporation] in this proceeding". As noted above, the trial court refused to vacate the default citing to Joe-Lin. We distinguish Joe-Lin.
In that case, Joe-Lin filed a complaint against LRG Restaurant Group (LRG) and White Butter Bean Restaurants (WBB) alleging, among other things, breach of a lease. One of LRG's corporate officers replied to the complaint on LRG's behalf by faxing a letter to Joe-Lin nineteen days after the complaint was served. Neither LRG's letter nor any other paper was filed with the trial court. No response was filed by WBB. A few days later, Joe-Lin filed a motion for default alleging that twenty days had passed since the complaint was filed but no responsive pleading had been filed. Joe-Lin also filed a notice of hearing. A hearing was conducted but neither LRG nor WBB attended the hearing. The trial court thereafter entered default against LRG and WBB. Joe-Lin continued to pursue the matter by filing a motion for entry of a final judgment. LRG and WBB responded by filing a motion to vacate the default. The trial court conducted a hearing on the motions and upon consideration vacated the default. Joe-Lin appealed.
In reviewing the trial court's decision to vacate the default, this court first noted that the trial court had correctly concluded that the letter faxed by LRG's corporate officer did not constitute a proper responsive pleading because a "pleading signed by a corporate officer who is not a licensed attorney is a nullity and has no effect." 696 So.2d at 540. See also Fla. R. Civ. P. 1.500(b). However, the court further ruled that the trial court had erred in vacating the default because no showing of excusable neglect had been made:

*978 The corporation did not appear at the hearing because it believed its letter crossed [Joe-Lin's] motion for default in the mail. In its opinion such confusion constitutes excusable neglect. However, an analysis of the facts establishes that LRG and WBB were not only negligent but grossly negligent. Appellees contend that their letter was a responsive pleading. This was a legal conclusion the corporation evidently made without the benefit of counsel. Further, when they were notified later by mail of the motion for default, the corporations still did not obtain counsel's advise on how to proceed. They made an assumption that the motion was mooted. These conclusions and assumptions required a knowledge of the law which they did not possess. Simply put, LRG and WBB failed to take the required steps to defend their interests.
696 So.2d at 541. We interpret this language as meaning not that, as a matter of law, a corporation's failure to recognize that counsel must file a responsive pleading on its behalf will never constitute excusable neglect. Rather, the ruling in Joe-Lin establishes that the circumstances surrounding a corporation's failure to properly file a proper responsive pleading can support a finding of no excusable neglect especially in cases where the corporation has failed to diligently defend its position once a default is entered.
Applying this analysis to the facts of the instant case it is clear that the initial default was properly entered against the corporation since a proper responsive pleading had not been timely filed. See Joe-Lin, 696 So.2d at 539; accord Daytona Migi Corporation v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982); Quinn v. Housing Authority of City of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980). However, the corporation did thereafter establish excusable neglect; therefore, the corporation's motion to vacate the default should have been granted.
This is not a case where a defendant corporation completely failed to timely file a response to a complaint. Instead, the facts in this case involve the filing of a timely, but unauthorized, responsive pleading. The pleading was unauthorized because it was not filed by counsel. The corporation's failure to file a proper answer in this case was based on Mr. Moreno's mistaken belief that, as president of the corporation, he was authorized to represent the corporation in this lawsuit. This was not an unreasonable belief for a lay person in Mr. Moreno's position since most construction company owners are aware that it is permissible for non-lawyers to represent corporations in litigation in the county court. See Fla. Sm. CI. R. 7.090. Importantly, unlike the defendants in Joe-Lin, here the corporation immediately hired counsel once the trial court dispelled this erroneous belief. Once hired, counsel swiftly moved to set aside the default judgment, properly alleging both excusable neglect and the presence of a meritorious defense. As noted above, these transactions all took place in a time period of less than thirty days. Based upon this record, the corporation's motion to vacate the default should have been granted. Cf. Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990)(holding that excusable neglect not established where defendant corporation waited more than sixteen months after the default was entered before hiring counsel to represent its interests in seeking to have the default vacated). Accordingly, we reverse the final judgment entered in favor of Clancy and remand this matter for further proceedings.
In reaching this conclusion we have considered Florida's common law rule that pleadings filed by a non-lawyer on behalf of another are a nullity. The rule is the product of the policy against the unauthorized practice of law. However, under the facts of this case, to mechanically apply the rule to prohibit a finding of excusable neglect places form over substance and fails to serve the underlying policy. See Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247 (Fla. 3d DCA 1985). In this case, Florida's policy that cases should be tried on their merits whenever possible prevails.
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.