909 So.2d 560 (2005)
Thomas Alan SOLMO, Appellant,
v.
Judy Ann FRIEDMAN, Appellee.
No. 4D04-4674.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
*562 David P. Slater, Boca Raton, for appellant.
Stacey D. Mullins of Lavalle Brown Ronan & Soff, Boca Raton, for appellee.
POLEN, J.
Appellant, Thomas Alan Solmo, timely appeals a final order denying motion to vacate final judgment and denying motion to vacate supplement to final judgment in a marriage dissolution proceeding. For the reasons explained herein, we affirm in part and reverse in part.
On October 10, 2003, Judy Ann Friedman filed a petition for dissolution of marriage (with children), along with supporting documents and information, stating that the marriage was irretrievably broken and that Solmo, her husband, was living in Budapest, Hungary. Friedman also filed an affidavit of diligent search and inquiry stating that she made diligent search and inquiry to discover Solmo's current address.
A notice of action for dissolution of marriage was sent by the clerk of the circuit court to Solmo's last known address in Boca Raton, FL. The notice was also published in the Palm Beach Daily Business Review for four consecutive weeks. On December 8, 2003, Friedman filed a motion for default based on Solmo's failure to respond to the petition. That same day, Friedman also moved to set a final hearing, stating "husband left countryno child supp/alim./unable to locate." On December 11, 2003, a default by publication was entered against Solmo for failure to serve a pleading.
On January 30, 2004, the court entered a final judgment of dissolution of marriage. Per the final judgment, Friedman is the primary custodial parent with sole parental responsibility of the two children, born July 17, 1985 and September 25, 1986. The court reserved ruling on child support and visitation until such time as Solmo could be found. The court also reserved jurisdiction to enforce the final judgment and to enter further orders as it may deem just and proper. Significantly, the court also stated that "[a]ny other relief not specifically granted in this Final Judgment is denied."
On March 22, 2004, Friedman filed a motion to clarify/amend final judgment, request for evidentiary hearing, motion to compel former husband to file a financial affidavit and comply with mandatory disclosure. She claimed that the final judgment failed to address her requests for child support, equitable distribution, alimony, and attorneys fees and costs. The trial court granted her motion, stating that *563 Friedman's motion to clarify and amend should be deemed a rule 1.540 motion for relief from judgment based on mistake and inadvertence because "[t]he final judgment shows on its face that the Court failed to consider the statutory factors relating to alimony and also failed to consider the disposition of the marital home." The court ordered Solmo to file a financial affidavit and comply with mandatory disclosure within twenty days.
The hearing on the motion to clarify was set for May 7, 2004, at 2:30 p.m. and later amended to 1:00 p.m. that same day. Solmo did not appear at the court until 2:30 p.m. because he was not made aware of the change in time. Solmo, first entering the case by a letter to the trial court, moved for an emergency evidentiary hearing "so that I may at least have an opportunity to present my part of these proceedings." Solmo did not challenge personal jurisdiction. Solmo also submitted his financial affidavit. The trial court reset the hearing on the motion to clarify for May 12, 2004. Additional oral argument was held on June 28, 2004. Solmo attended and participated pro se in both hearings. Although his appeal states that he raised lack of jurisdiction due to improper service of process the first time he went before the trial court, there is no evidence of such in the record.[1]
The court directed the parties to submit proposed final judgments. On July 2, 2004, Solmo filed a letter with the court proposing terms for a clarified/amended final judgment. On July 19, 2004, the court entered a supplement to the final judgment, stating that the order supplements and does not modify the original final judgment. The order divided the marital assets; found that Solmo owed retroactive child support for both children and future child support for the minor child; and stated that Solmo would pay Friedman's attorney's fees based on need and ability. Additionally, with regard to the marital home, the court divided the $120,000 in equity in the marital home equally between the parties but awarded Solmo's $60,000 share to Friedman in full satisfaction of his obligations to Friedman for past and future child support and past mortgage payments on the marital home after November 2003.
More than thirty days passed and Solmo did not appeal the supplement to the final judgment. Then, on October 19, 2004, Solmo filed a motion to vacate the final judgment, quash service of process and abate/dismiss the action. The motion claimed that service must be quashed because the affidavit submitted by Friedman to show due diligence was fatally defective as inadequate and false. Solmo attached affidavits stating that Friedman knew that she could have contacted Solmo through his sister-in-law[2], to whom he had provided a general power of attorney. Subsequently, on October 21, 2004, Solmo filed a motion to vacate the supplement to the final judgment. He argued that if the final judgment was vacated pursuant to his October 19, 2004 motion, the supplement should be vacated as well and Friedman should have to start the dissolution proceedings ab initio. After a November 22, 2004 hearing on Solmo's motions, the court entered a final order denying motion to vacate final judgment and denying motion to vacate supplement to final judgment. This appeal followed.[3]
*564 First, we hold that the trial court had personal jurisdiction over Solmo. A ruling on personal jurisdiction should be reviewed de novo. Harris v. Shuttleworth and Ingersoll, P.C., 831 So.2d 706, 708 (Fla. 4th DCA 2002). The trial court held that Solmo failed to prove at the hearing on his rule 1.540(b) motion that the original constructive service of process on him by publication was improper. "Whether relief should be granted pursuant to Rule 1.540 is a fact specific question and the trial court's ruling should not be disturbed on appeal absent a gross abuse of discretion." LPP Mortgage Ltd. v. Bank of America, N.A., 826 So.2d 462, 463-64 (Fla. 3d DCA 2002).
Moreover, even if service were defective, Solmo clearly waived the right to challenge the court's personal jurisdiction by participating pro se, without objection, in two hearings prior to the supplement to the final judgment and by submitting his own proposal for the supplement to the final judgment. It is well established that "[i]f a party takes some step in the proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction." Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987). If a party does not challenge personal jurisdiction until after a general appearance in the case, the party has waived the right to contest personal jurisdiction. Evans v. Thornton, 898 So.2d 151 (Fla. 4th DCA 2005). Active participation in the proceedings in the trial court, especially without objecting to jurisdiction due to the lack of service of process, constitutes a submission to the court's jurisdiction and a waiver of any objection. Bush v. Schiavo, 871 So.2d 1012, 1014 (Fla. 2d DCA 2004).
In the case at bar, Solmo clearly made a general appearance in the trial court prior to challenging personal jurisdiction by requesting an emergency evidentiary hearing on the motion to clarify/amend, attending and participating pro se in both hearings on the motion to clarify/amend, and filing with the court his proposal of terms for a clarified/amended final judgment. Therefore, we hold that Solmo waived any claim he might have had that the trial court did not have personal jurisdiction over him because of a defective, fraudulently based constructive service of process.[4]
Second, Solmo challenges the trial court's jurisdiction to supplement the final judgment. We reject, without discussion, his contention that the supplement to final judgment addressed issues not addressed in the original petition for dissolution. *565 However, we agree with Solmo that the trial court improperly considered some issues in the supplement that were not reserved in the final judgment. Therefore, we affirm the supplement to final judgment as to its ruling on child support and reverse the supplement as to its determinations on the remaining issues for lack of jurisdiction.
The court's reservation of jurisdiction in the final judgment was as follows:
4. The Court retains jurisdiction over the parties and this cause for the purpose of enforcing all provisions set forth in the Final Judgment for Dissolution of Marriage.
5. The Court reserves on the ruling of child support and visitation until such time as the Respondent is found. At that time either party may petition the court on any child related issue. Any other relief not specifically granted in this Final Judgment is denied.
6. Jurisdiction of this cause is hereby retained for the purpose of entering such further orders as this Court may deem just and proper.
Retaining jurisdiction "to enter such other and further orders as the Court deems necessary and just in the premises" has been held to be an insufficient reservation of jurisdiction to later re-adjudicate property rights. Harman v. Harman, 523 So.2d 187, 187-88 (Fla. 2d DCA 1988); Bridges v. Bridges, 848 So.2d 403, 404 (Fla. 2d DCA 2003). In Harman, the trial court entered a final judgment of dissolution of marriage, giving the wife the use and possession of the marital home and requiring the husband to pay the mortgage, maintenance and insurance costs of the home. The court retained general jurisdiction over the case using language almost identical to the general reservation in the instant case. Two years later, the trial court entered an order directing the husband to convey his interest in the former marital home to the wife. The second district reversed, holding that, "[i]n the absence of a specific reservation of jurisdiction for the purpose of making a later adjudication of property rights, the court does not have jurisdiction to modify property rights after an adjudication of those rights has been made in a judgment of dissolution." Id. at 188.
In the present case, while the trial court did not distribute the marital home in the final judgment, it did, in effect, adjudicate the property rights through its statement in the final judgment that "[a]ny other relief not specifically granted in this Final Judgment is denied." Thus, following Harman, when the trial court later distributed the marital home, it lacked jurisdiction to modify property rights after an adjudication of those rights. Analogously, the trial court also did not retain jurisdiction to distribute the marital assets, to order Solmo to pay alimony, and to order Solmo to pay Friedman's attorney's fees. Therefore, it appears that the trial court only had jurisdiction to award child support (which includes ordering Solmo to pay half of the children's outstanding medical and dental expenses) and visitation in the supplement to the final judgment and was without jurisdiction to adjudicate the remaining issues.
We are not persuaded by Friedman's counter that the trial court had jurisdiction to determine equitable distribution, alimony, and attorney's fees in the supplement to final judgment because the trial court treated her motion to clarify and amend the final judgment as a Rule 1.540(b)(1) motion for relief from judgment based on mistake and inadvertence. Citing Bane v. Bane, 775 So.2d 938 (Fla.2000), she argues that the effect of the ruling granting her rule 1.540 motion was to return the case and parties to the same position that they *566 were in before the court entered the judgment.
Hurley v. Hurley, 644 So.2d 595 (Fla. 5th DCA 1994), is instructive. In that case, the wife timely petitioned for rehearing following final judgment, arguing that "the Final Judgment fails to include certain assets and liabilities which the husband failed to accurately disclose to the Court." In response, the trial court issued an order stating that it specifically reserved jurisdiction to determine disposition of assets in the husband's retirement account. By reserving jurisdiction only on the issue of the husband's retirement account, all other provisions of the final judgment, after the appeal period ran, became final. Id. at 596. There was no appeal. Id. However, when the rehearing was held several months later, the court, in spite of its limited reservation of jurisdiction, considered additional unreserved issues relating to certain contract rights and other financial matters. The fifth district held that the trial court exceeded its jurisdiction by considering issues other than the husband's retirement account, because they were not preserved in the final judgment and were therefore outside the court's jurisdiction.
Significantly, the fifth district noted that the wife might have an appropriate remedy under Rule 1.540, Fla. R. Civ. P. Thus, Hurley at least suggests that a trial court would have jurisdiction to address matters not specifically reserved in the final judgment if it does so pursuant to a Rule 1.540 motion. Nonetheless, we point out that "[r]ule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error." Fiber Crete Homes, Inc. v. Division of Administration, State, Dept., 315 So.2d 492 (Fla. 4th DCA 1975); see Commonwealth Land Title Ins. Co. v. Freeman, 884 So.2d 164 (Fla. 2d DCA 2004) ("Rule 1.540(b) is intended to provide relief from judgments only under a limited set of circumstances. . . . A motion filed pursuant to rule 1.540 cannot be used as a substitute for an untimely motion for new trial or rehearing.") (citations omitted).
In the instant case, the trial court denied Friedman's requests for equitable distribution, alimony, and attorney's fees by stating "[a]ny other relief not specifically granted in this Final Judgment is denied." In addition to its general reservation of jurisdiction, the trial court intentionally retained jurisdiction to rule on child support and visitation, but not on these other financial issues. Friedman could have timely moved for rehearing and asked the trial court to reconsider the other issues. She could have appealed. Instead, she waited nearly two months and then filed the motion to amend/clarify the final judgment. This appears to be a situation where a motion deemed pursuant to rule 1.540 was used as a substitute for an untimely motion for rehearing. As such, the trial court should have denied the motion to amend/clarify final judgment. It follows that the trial court had jurisdiction in the supplement to final judgment only to rule on child support and visitation and the court exceeded its jurisdiction by also ruling on equitable distribution, alimony, and attorney's fees. Therefore, we affirm the supplement to final judgment as to its rulings on child support and reverse the supplement as to its determinations on the remaining issues.[5]
STEVENSON, C.J., and TAYLOR, J., concur.
NOTES
[1] Additionally, the record does not contain transcripts from either the May 12, 2004 or June 28, 2004 hearings.
[2] She is the wife of his brother.
[3] We reject Friedman's argument that this appeal was untimely filed. Because Solmo's motion to vacate was pursuant to Rule 1.540(b)(3), Fla. R. Civ. P., he timely moved the trial court to vacate within one year of the entry of the final judgment and supplement to final judgment. After the motion was denied, Solmo timely appealed the final order denying motion to vacate final judgment and denying motion to vacate supplement to final judgment.
[4] In any event, any defect in constructive service did not prejudice Solmo. See Edmondson v. Green, 755 So.2d 701, 705 (Fla. 4th DCA 1999). The final judgment entered in this matter dissolved the marriage in Florida, a no-fault divorce state, returning the parties to their single statuses. See Savery v. Savery, 870 So.2d 920 (Fla. 4th DCA 2004) (Polen, J., concurs specially with opinion) ("Since no-fault became the law, it has rarely if ever occurred that a reversal would be based on error in finding a marriage irretrievably broken, and thereby dissolving it. Most cases, like the one before us, involve economic issues, child custody issues, or both."). In the present case, issues pertaining to equitable distribution, alimony, and child support were not adjudged until the supplemental proceeding, of which Solmo had notice and fully participated.
[5] We note that Friedman is not without a remedy to pursue the issues of equitable distribution in a separate action for partition of real and personal property. § 64.091, Fla. Stat. However, for the reasons explained above, she is precluded from seeking alimony and attorney's fees because those issues were not preserved in the final judgment.