WELLS, Judge.
Steven Ray Opella appeals from a final summary judgment of foreclosure entered in favor of Bayview Loan Servicing, LLC., claiming that he was never served with process. Because the record unequivocally confirms that Opella was neither served with process nor waived service, we reverse.
On November 20, 2006, 21 NW 59th Street, Inc. executed and delivered a promissory note and a mortgage securing payment of the note on a parcel of commercial property located in Miami-Dade County. Steven Ray Opella executed the mortgage and note as an officer/director of 21 NW 59th Street, Inc.; he also personally guaranteed the note. Bayview Loan Servicing, LLC (“Bayview”) currently holds the mortgage and note.
On February 17, 2009, Bayview brought suit against 21 NW 59th Street, Inc., Opel-la, and a number of others to collect on the note, foreclose the mortgage, and secure payment of any deficiency from Opella’s personal guarantee. While Bayview made a number of attempts to serve Opella individually and on behalf of 21 NW 59th Street, Inc., it never managed to serve process on him.[1]
*187 Despite the fact that neither Opella nor 21 NW 59th Street, Inc. had been served with process, Bayview moved for summary judgment against both, expressly alleging that “[sjervice of process has been properly perfected upon the Defendants herein.” Following a hearing on this motion, a final summary judgment of foreclosure was entered in pertinent part upon a finding that “[sjervice of process has been duly and regularly obtained over NW 59TH STREET, INC., [and] STEVEN R. OPELLA....”
Opella, acting pro se, has timely appealed from this judgment arguing that it is void for lack of service of process. Because the record unequivocally confirms that no service of any kind was had on Opella, we agree. See M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1081 (Fla. 4th DCA 2000) (“A judgment entered without service of process is void and will be set aside and stricken from the record on motion at any time.” (quoting Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987))); Del Conte Enters., Inc. v. Thomas Publ’g Co., 711 So.2d 1268, 1269 (Fla. 3d DCA 1998) (“It is well settled that a judgment entered without due service of process is void.”); see also Johnson v. State, Dep’t of Revenue ex rel. Lamontagne, 973 So.2d 1236, 1238 (Fla. 1st DCA 2008) (holding that “[bjeeause a judgment entered by a court lacking jurisdiction over the person of the party against whom the judgment purports to run is a legal nullity, it may be set aside as void at any time”).[2]
We also reject Bayview’s argument that Opella and 21 NW 59th Street, Inc. failed to raise, and thereby waived, sufficiency of service of process in their “pro se answer.”[3] We reject this argument, first because neither Opella nor 21 NW 59th Street, Inc. filed a pro se answer or otherwise made an appearance in the court below. Rather, one month after it moved for summary judgment, Bayview’s attorney, Brian L. Rosaler, concededly without agreement or authorization from Opella or 21 NW 59th Street, Inc., filed a “Notice of Filing Defendant’s Pro Se Answer,” notifying the court below that Bayview was filing Opella and 21 NW 59th Street, Inc.’s pro se answer. Attached to this notice was an undated letter that Opella purportedly sent to Rosaler, Bayview’s attorney, offering to settle the parties’ dispute over the subject mortgage. On these facts, we see no basis on which to conclude that Opella and 21 NW 59th Street, Inc. either expressly or indirectly waived service of process or otherwise subjected themselves to the jurisdiction of the courts. See Caldwell v. Caldwell, 921 So.2d 759, 760 (Fla. 1st DCA 2006) (finding that by entering a general appearance without challenging defective service of process, a party waives this defense); Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (“Active participation in the proceedings in the trial court, especially without objecting to jurisdiction due to the lack of service of process, constitutes a submission to the court’s jurisdiction and a waiver of any objection.”); Lennar Homes, Inc. v. Gabb Constr. Servs., Inc., 654 So.2d 649, 651 (Fla. 3d DCA 1995) (confirming that a *188 defendant “who fails to contest the sufficiency of service of process at the inception of the case, whether by motion or responsive pleading, has waived this defense once he or she has entered a general appearance”); Parra v. Raskin, 647 So.2d 1010, 1011 (Fla. 3d DCA 1994) (recognizing that “when a defendant waives an objection to insufficient service of process by failing to timely object, the defendant thereby consents to litigate the action and the court may not, either on the defendant’s motion or on its own initiative, dismiss the suit for insufficient service of process”).
Second, the purported “answer” filed by Brian L. Rosaler, Bayview’s attorney, is nothing more than an undated letter to counsel for one of the litigants. This document does not remotely resemble an answer which under Florida Rule of Civil Procedure 1.100(c) must “have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be.” It also does not indicate the subject matter of the paper, other than to state in its body that it “is written in part for purposes of settlement and compromise ... [and] also serves as a demand letter.” In short, it does not purport to be and is not an answer; it certainly is not an answer which waives any defenses related to service of process.
For these reasons, we reverse the judgment entered below because Opella was not served with, and did not waive, service of process.[4] See Bussey v. Legislative Auditing Comm. of Legislature, 298 So.2d 219, 221 (Fla. 1st DCA 1974) (“Where the defendant does not enter a voluntary general appearance or otherwise waive service of process, the issuance and service of process is Indispensible to the jurisdiction of the Court, even though the Court may have jurisdiction of the subject matter.”).

. Bayview did effectuate service on the other named defendants — which included several tenants in possession and Universal Holdings *187 Enterprise, LLC — none of which are parties to this appeal.

. We note that while Opella, who is not an attorney, cannot represent 21 NW 59th Street, Inc., that the judgment is equally void as to it. See Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985) (“It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney.”).

. Bayview has now filed a confession of error on this point.

. We also direct the clerk to forward a copy of this opinion to the Florida Bar for consideration of conduct in violation of the Rules Regulating the Florida Bar.