DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES C. DOW,**
Appellant,

v.

**FIDELITY INVESTMENTS** a/k/a **FIDELITY BROKERAGE SERVICES, LLC, CONNOR EVERS, JACOB EVERS, ERICA EVERS, GLORIA EVERS,** and **MICHAEL EVERS,**
Appellees.

No. 4D17-436

[August 23, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward Artau, Judge; L.T. Case No. 2014CA003327XXXXMB.

James A. Herb and Jennifer L. Fulton of Herb Law Firm, Chartered, Boca Raton, for appellant.

Gregory S. Sconzo of Kaplan & Sconzo, P.A., Palm Beach Gardens, for appellees Gloria Evers and Michael Evers.

GERBER, C.J.

The plaintiff appeals from the circuit court's final order granting with prejudice defendants Gloria Evers' and Michael Evers' motion to dismiss the plaintiff's fifth amended complaint against them. In the motion, Gloria Evers and Michael Evers argued that the plaintiff's fifth amended complaint failed to establish personal jurisdiction over them, and failed to state a cause of action against them.

The circuit court granted the motion, finding: (1) the plaintiff failed to satisfy Florida's long-arm statute, section 48.193, Florida Statutes (2016), because Gloria Evers' and Michael Evers' "alleged communications are not tortious in and of themselves and do not give rise to a cause of action to which a Florida court has jurisdiction"; and (2) "even if Plaintiff had satisfied the requirements of the long-arm statute . . . Plaintiff has failed to establish adequate minimum contacts for this Court to exercise jurisdiction" over Gloria Evers and Michael Evers.

We agree with the plaintiff's argument on appeal that Gloria Evers and Michael Evers waived their argument that the plaintiff's fifth amended complaint failed to establish personal jurisdiction over them, because they failed to raise that ground in response to the original complaint against them. *See Solmo v. Friedman*, 909 So. 2d 560, 564 (Fla. 4th DCA 2005) ("It is well established that if a party takes some step in the proceedings which amounts to a submission to the court's [personal] jurisdiction, then it is deemed that the party waived [their] right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction.") (citation, brackets, and internal quotation marks omitted).

However, we conclude without further discussion that the circuit court should have granted Gloria Evers' and Michael Evers' motion to dismiss on the ground that the plaintiff's fifth amended complaint failed to state a cause of action against them. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

Based on the numerous opportunities which the circuit court gave to the plaintiff to attempt to state a cause of action against Gloria Evers and Michael Evers, and because it appears that giving the plaintiff another opportunity to amend the complaint would be futile, we affirm the circuit court's final order granting with prejudice Gloria Evers' and Michael Evers' motion to dismiss the plaintiff's fifth amended complaint against them. *See McCray v. Bellsouth Telecommunications, Inc.*, 213 So. 3d 938, 939 (Fla. 4th DCA 2017) ("Refusal to allow an amendment is an abuse of the trial court's discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or *amendment would be futile*.") (emphasis added; citation and internal quotation marks omitted).

*Affirmed.*

LEVINE and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**