Gerber, C.J.
The plaintiff appeals from the circuit court’s final order granting with prejudice defendants Gloria Evers’ and Michael Ev-ers’ motion to dismiss the plaintiffs fifth amended complaint against them. In the motion, Gloria Evers and Michael Evers argued that the plaintiffs fifth amended complaint failed to establish personal jurisdiction over them, and faded to state a cause of action against them.
The circuit court granted the motion, finding: (1) the plaintiff failed to satisfy Florida’s long-arm statute, section 48.193, Florida Statutes (2016), because Gloria Ev-ers’ and Michael Evers’ “alleged communications are not tortious in and of themselves and do not give rise to a cause of action to which a Florida court has jurisdiction”; and (2) “even if Plaintiff had satisfied the requirements of the long-arm statute ... Plaintiff has failed to establish adequate minimum contacts for this Court to exercise jurisdiction” over Gloria Evers and Michael Evers.
We agree with the plaintiffs argument on appeal that Gloria Evers and Michael Evers waived their argument that the plaintiffs fifth amended complaint failed to establish personal jurisdiction over them, because they failed to raise that *1011 ground in response to the original complaint against them. See Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (“It is well established that if a party-takes some step in the proceedings which amounts to a submission to the court’s [personal] jurisdiction, then it is deemed that the party waived [their] right to challenge the court’s jurisdiction regardless of the party’s intent not to concede jurisdiction.”) (citation, brackets, and internal quotation marks omitted).
However, we conclude without further discussion that the circuit court should have granted Gloria Evers’ and Michael Evers’ motion to dismiss on the ground that the plaintiffs fifth amended complaint failed to state a cause of action against them. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).
Based on the numerous opportunities which the circuit court gave to the plaintiff to attempt to state a cause of action against Gloria Evers and Michaei Evers, and because it appears that giving the plaintiff another opportunity to amend the complaint would be futile, we affirm the circuit court’s final order granting with prejudice Gloria Evers’ and Michael Evers’ motion to dismiss the plaintiffs fifth amended complaint against them. See McCray v. BellSouth Telecommunications, Inc., 213 So.3d 938, 939 (Fla. 4th DCA 2017) (“Refusal to allow an amendment is an abuse of the trial court’s discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.”) (emphasis added; citation and internal quotation marks omitted).

Affirmed.

Levine and Conner, JJ., concur.