# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0916
Lower Tribunal No. 21-1530
_____

**Realeza Motors, Inc.,**
Appellant,

vs.

**Norviel Alvarez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Saltiel Law Group, and Matthew Carcano and Moises A. Saltiel, for appellant.

Kogan Law P.A., and Lyudmila Kogan (Hallandale Beach), for appellee.

Before SCALES, MILLER and BOKOR, JJ.

BOKOR, J.

Realeza Motors, Inc., appeals the trial court's order denying its motion to vacate a default judgment and a subsequent writ of garnishment. Because Realza fails to show that the trial court abused its discretion in finding a lack of excusable neglect under Fla. R. Civ. P. 1.540(b), we affirm.

## BACKGROUND

Realeza and its individual owner, Christopher Mazorra, are named as defendants in the underlying lawsuit, which asserts claims for civil theft, replevin, and conversion. Norvel Alvarez, the appellee and plaintiff below, alleges that Mazorra and Realeza retain unlawful possession of a jet ski Alvarez jointly purchased with other non-parties to this appeal.

Mazorra was first served with the complaint at his father's house, which Mazorra claims wasn't his permanent residence; rather, he inadvertently used this address as Realeza's corporate address in its articles of incorporation. Upon receiving the complaint, Mazorra promptly sent a letter to both Alvarez and the trial court claiming that he did not know Alvarez or possess any of Alvarez's property, and that Realeza was in fact a car dealership that did not buy or sell watercraft. Thus, Mazorra requested that Alvarez and the court "remove myself and my company off of this matter." This letter listed Mazorra's father's address in the header, though it also included Realeza's actual address at the bottom of the page.

2

Alvarez, characterizing the letter as a pro se answer, moved to strike the letter on the basis that a corporation cannot represent itself. The trial court granted the motion and ordered Realeza to retain counsel and file a formal answer within 20 days. This order, as well as all subsequent case documents, were also served by mail to Mazorra's father's address. Mazorra and Realeza took no further action, which ultimately led to entry of a default, final judgment, and writ of garnishment in favor of Alvarez.

Mazorra, and by extension Reaelza, either eventually became aware of the default judgment, or at least decided to act, when Realeza's accounts were garnished. Realeza retained counsel and moved to vacate the judgment and garnishment pursuant to Fla. R. Civ. P. 1.540(b). In pertinent part, Realeza argued that the default was due to excusable neglect because Realeza was repeatedly served at an improper address and because Mazorra did not actually receive any of the case documents after the complaint.[1] Realeza presents two issues on appeal: first, whether the trial court erred in denying his motion to vacate service under Rule 1.540(b)(4) because of allegedly improper service, and second, whether the trial court erred in denying the motion under Rule 1.540(b)(1) based on the claimed

---

[1] Realeza also argues that the judgment was void due to a lack of notice and a denial of due process. For the reasons discussed below, we reject these arguments.

3

excusable neglect. In two separate orders, both rendered after taking testimony and hearing argument, the trial court denied relief. This appeal followed.

## ANALYSIS

We review a trial court's order denying a Rule 1.540 motion for abuse of discretion, though when the trial court rules as a pure matter of law, our review is de novo. See, e.g., Brooks v. Brooks, 340 So. 3d 543, 545 (Fla. 3d DCA 2022). Rule 1.540(b)(1) allows a trial court to relieve a party from a judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." As applied to a motion to set aside a default judgment, the moving party must demonstrate that "(1) the failure to file a responsive pleading was the result of excusable neglect; and (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default." Rodriguez v. Falcones, 314 So. 3d 469, 471 (Fla. 3d DCA 2020); Santiago v. Mauna Loa Invs., LLC, 189 So. 3d 752, 758 (Fla. 2016) (same).

We first examine whether the trial court abused its discretion in finding no excusable neglect. "Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." Zuchaer

4

v. Peninsula Condo. Ass'n, Inc., 348 So. 3d 1201, 1204 (Fla. 3d DCA 2022) (quotation omitted); see also Hialeah, Inc. v. Adams, 566 So. 2d 350, 350–51 (Fla. 3d DCA 1990) ("A defendant's neglect in responding to a complaint is excusable when the inadvertence was due to the mishandling or misfiling of suit papers."). But excusable neglect doesn't result from a misunderstanding of a party's legal obligations. See Joe-Lin, Inc. v. LRG Restaurant Grp., Inc., 696 So. 2d 539, 541 (Fla. 5th DCA 1997) ("A defendant's failure to retain counsel or a defendant's failure to understand the legal consequences of his inaction is not excusable neglect."); Emerald Coast Utilis. Auth. v. Bear Marcus Pointe, LLC, 227 So. 3d 752, 756 (Fla. 1st DCA 2017) ("A conscious decision not to comply with the requirements of law cannot be 'excusable neglect' under [Rule 1.540] or any equivalent requirement. Likewise, gross neglect is not excusable." (citations and quotations omitted)).

Realeza argues that its actions or inactions amounted to excusable neglect. Alvarez contends that because Mazorra was aware of the complaint and responded without attempting to challenge service or update the address (and indeed repeated the same supposedly incorrect address in its signature block in the subsequently-stricken answer), Realeza's default resulted not from a misplaced document, mis-calendared deadline, or other

5

such excusable neglect, but rather the affirmative action (or inaction) in failing to provide a proper address, and a misunderstanding of Realeza's legal obligations. In reviewing the evidentiary hearings and the trial court's findings, we find no abuse of discretion in the trial court's findings of fact and conclusions drawn therefrom that Realeza demonstrated no excusable neglect.[2]

Next, we examine Realeza's argument that the trial court erred in failing to vacate the default under Rule 1.540(b)(4). Realeza argues that the judgment obtained is void based on a lack of service, or at least voidable. Realeza's initial brief all but concedes this is, at most, voidable, correctly explaining that "[i]f the service is irregular or defective but the defendant actually receives notice of the proceedings, the judgment is voidable." (citing Shepheard v. Deutsche Bank Tr. Co. Ams., 922 So. 2d 340, 345 (Fla. 5th DCA 2006)). Here, there's no dispute that Realeza received notice of the proceedings. Indeed, its principal, Mazzora, filed an ultimately stricken pro se answer on Realeza's behalf. Although the stricken answer becomes a legal nullity as a substantive pleading, see Joe-Lin, 696 So. 2d at 540, in this

---

[2] Because we find that the trial court did not abuse its discretion in determining a lack of excusable neglect, we need not analyze the due diligence prong of the three-part test, as the movant seeking relief must demonstrate all three elements.

6

context it still shows knowledge of the proceedings. In other words, Realeza was on notice of the proceedings, the complaint against it, and received notice and an opportunity to be heard. Therefore, we deny out of hand the argument that the default, default final judgment, and subsequent proceedings are void.

Consequently, a motion for relief from judgment under Rule 1.540(b)(4) fails based on the plain language of the rule.[3] Specifically, the rule pertains to void judgments. This isn't a void judgment. As explained by

---

[3] We disagree with the trial court to the extent its order suggests that the stricken, bare bones, pro se answer filed by Mazzora constitutes a waiver of Realeza's right to contest service. See Opella v. Bayview Loan Servicing, LLC, 48 So. 3d 185, 187–88 (Fla. 3d DCA 2010) (rejecting argument that defendant's offer of settlement, erroneously filed as pro se answer, had "either expressly or indirectly waived service of process or otherwise subjected [the defendant] to the jurisdiction of the courts" where letter did not "remotely resemble an answer" or contain any affirmative statement indicating waiver); Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005) ("We have defined 'waiver' as the *voluntary and intentional* relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." (emphasis supplied)). However, we are constrained by the record before us, and the trial court reached the correct conclusion that Realeza wasn't entitled to relief under Rule 1.540(b)(4) based on a potentially voidable (but not void) judgment. Additionally, to the extent Realeza failed to argue relief based on a voidable (not void) judgment to the trial court, it cannot raise an issue for the first time on appeal. See Est. of Herrera v. Berlo Indus., Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("[Appellant] seeks to raise issues which were not raised in the trial court. However, issues not presented in the trial court cannot be raised for the first time on appeal.  Thus, [appellant] is precluded from raising new arguments on appeal." (citation omitted)).

our sister court, "[a] voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule 1.540(b)(4)." Condo. Ass'n of La Mer Ests., Inc. v. Bank of New York Mellon Corp., 137 So. 3d 396, 401 (Fla. 4th DCA 2014) (en banc) (quotation omitted), approved sub nom. Bank of New York Mellon v. Condo. Ass'n of La Mer Ests., Inc., 175 So. 3d 282 (Fla. 2015).

Affirmed.