650 So.2d 647 (1995)
Patricia KELDER, Appellant,
v.
ACT CORPORATION, Appellee.
No. 93-2710.
District Court of Appeal of Florida, Fifth District.
February 3, 1995.
Rehearing Denied March 3, 1995.
*648 Frederick C. Morello, P.A., Daytona Beach, for appellant.
Ronald K. Zimmet, Daytona Beach, for appellee.
PETERSON, Judge.
Patricia Kelder contends that the trial court erred in dismissing her claim against ACT Corp. ("ACT"), her employer. She brought the claim pursuant to the Florida Whistle-Blower Act, section 112.3187, et seq., Florida Statutes.
ACT is an independent contractor which receives funding from HRS and reimbursement from Medicare for mental health counseling. ACT hired Kelder as a residential counselor on October 29, 1991, and five months later promoted her to Social Rehabilitation Coordinator. Kelder thus became responsible for providing mental health counseling for six clients. Kelder alleged that she was told by directors to counsel each of her clients 60 minutes per day five days per week so that Medicaid would be billed $50.00 per day per client. In May 1992, Kelder alleged, she began expressing her concern to an ACT manager that she was being required by ACT to provide unreasonable amounts of services to certain clients and to bill for 60 minutes when only 20 minutes of services were being provided. According to her allegations, she continued with intermittent complaints about counseling she was ordered to provide to those who she considered had no need of it or who could no longer benefit from it. All the complaints were made to ACT directors or to a manager and none to persons outside of ACT.
In October 1992, Kelder was terminated when she was accused by a director of being absent from certain classrooms at times when, in support of Medicaid billing, she had reported her presence. The director told her that because of her inaccurate reports, ACT would have to repay Medicaid. Kelder alleged that she had provided services, that she had billed in accordance with instructions given to her by her employer, and that those instructions coerced her to bill in excess of the time spent with clients in order for ACT to qualify for Medicaid funds.
The trial court dismissed Kelder's complaint because section 122.3187(6), Florida Statutes (Supp. 1992), requires an allegation that a terminated employee disclose the wrongdoing to a governmental agency. The trial court's dismissal is supported by the statute:
(6) TO WHOM INFORMATION IS DISCLOSED.  The information disclosed under this section must be disclosed to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act, [the following was added in 1992] including, but not limited to, the Office of the Chief Inspector General, an agency inspector general or chief internal auditor, the Office of the Public Counsel, and the whistle-blower's hotline created under s. 112.3189. However, for disclosures concerning a local governmental entity, including any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing, the information must be disclosed to a chief executive officer or other appropriate official.
(Italics added).
Agency is defined in subsection 112.3187(3)(a), Florida Statutes (1991) as:
any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university.
Kelder points out, however, that subsection (7) provides:
(7) EMPLOYEES AND PERSONS PROTECTED.  This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; [The following was *649 added in 1992] or who initiate a complaint through the whistle-blower's hotline; or employees who filed any written complaint to their supervisory officials, to the Chief Inspector General in the Office of the Governor, or to the Office of the Public Counsel... . No remedy or other protection under ss. 112.3187-112.31895 applies to any person who has committed or intentionally participated in committing the violation or suspected violation for which protection under ss. 112.3187-112.31895 is being sought.
(Italics added). Kelder argues that the italicized language in subsection (7) implies that, to obtain relief under the act, an employee is not required, as stated in subsection (6), to disclose the information to an agency or a federal government entity, as long as the employee discloses the information to a supervisor. Kelder argues that she stated a claim under section 112.3187 because she alleged she told three ACT supervisors of the overbilling.
Subsections (6) and (7) are no models of clarity, especially when read together. The italicized language of subsection (7), however, added in 1992, appears to refer to the language of subsection (6), also added in 1992, which requires employees of local government agencies to report to a chief executive officer or other appropriate official. Be that as it may, we cannot agree with Kelder that the addition of a writing requirement in subsection (7) obliterates the requirement of subsection (6) that the report be made to an agency.
There is nothing ambiguous about subsection (6). Reporting wrongdoing to an agency is mandated by the legislature's use of the word "must." In fact, previous to the 1992 amendment the subsection provided, "The information disclosed under this section shall be disclosed to an agency or federal government entity... ." (Emphasis added). The 1992 amendment changed the word "shall" to "must," obviously to clarify that "shall" did not mean "may." Ambiguity is a prerequisite to judicial construction and in the absence of ambiguity the plain meaning of the statute prevails. Martin County v. Edenfield, 609 So.2d 27 (Fla. 1992). Where construction is required, the court should seek to effectuate the legislative intent. Thus, even if the two subsections create an ambiguity when read together, the legislature's amendment of the word "shall" to "must" evinces a legislative intent that, in order to obtain relief under the statute, the employee must disclose the information to an appropriate agency or federal government entity.
The dismissal of Kelder's complaint is affirmed.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.