731 So.2d 829 (1999)
Donna C. LINDAMOOD, Appellant,
v.
OFFICE OF the STATE ATTORNEY, NINTH JUDICIAL CIRCUIT OF FLORIDA, Appellee.
No. 98-2587.
District Court of Appeal of Florida, Fifth District.
May 7, 1999.
*830 Edward R. Gay, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Charlann Jackson-Sanders, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Lindamood appeals from a nonfinal order which denied her temporary reinstatement to her former position as an assistant state attorney, after she sued the Office of the State Attorney pursuant to section 112.3187, Fla. Stat.[1] We reverse.
Lindamood was hired by the State Attorney on June 24, 1985. During her tenure, her performance evaluations were good and there were no discipline or performance problems. However, she was abruptly terminated on January 9, 1998, by William Vose, Chief Assistant State Attorney, the same day she received a satisfactory performance evaluation from her supervisor. The termination was apparently based on her complaints regarding the State Attorney's Office and certain E-mails sent by her which were also critical of office policies. Vose also authored her termination letter which merely stated that she was terminated because she no longer served the pleasure of the State Attorney. The termination violated the State Attorney's progressive-step disciplinary process.
Prior to her termination, Lindamood had complained several times about practices occurring in the State Attorney's Office. These included, but were not limited to:
(1) on September 18, 1995, she filed complaints with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, alleging a disproportionate distribution of work and salary disparities based on gender, and discrimination against older workers by the State Attorney's Office;
(2) on September 4, 1996, she filed a whistle-blower's complaint with the Office of Public Counsel which alleged retaliation for whistle-blowing activities;
(3) On March 15, 1996, Lindamood sent a letter to Governor Chiles alleging that there was a gross disparity in pay exceeding $250,000 between female and male employees hired within six months of one another, as evidenced by pay records;
(4) on July 28, 1996, in a second letter to the Governor, she alleged a possible campaign financing violation by the Deputy Director of Administration in connection with the reelection of the State Attorney, as well as prosecutorial ethics violations and employment discrimination by the State Attorney's Office;
(5) on May 9, 1997, in a letter to the Office of Program Policy Analysis and Government Accountability, she alleged gender-based salary and workload/work assignment inequities in the State Attorney's Office, and that the Administrator/Executive *831 Director of the State Attorney's Office was circumventing a statutory salary cap and setting himself up to receive special risk retirement benefits to which he was not entitled; and
(6) on August 24, 1997, she filed a letter of complaint with the Division of Retirement concerning the misclassification of the Chief Administrator and the Press Information Officer in the State Attorney's Office, whom she alleged were claiming that their positions qualified them for special high risk retirement, for which they did not qualify by the nature of their duties.
After her termination, Lindamood filed a complaint with the Office of the Public Counsel of the Executive Office of the Governor, under section 112.3187 and alleged her termination was due to her earlier whistle-blowing activities. In a letter dated February 6, 1998, the Office of the Public Counsel determined that Lindamood's disclosures were not in bad faith, were not made for a wrongful purpose, and did not occur after the initiation of a personnel action against her. It requested that the State Attorney "immediately reinstate Ms. Lindamood pending the conclusion of our investigation into her claim of retaliation," citing § 112.3187(9). The State Attorney declined to do so. In a second letter, dated April 24, 1998, the Public Counsel stated it was terminating its investigation, and affirmed its disagreement with the actions taken against Lindamood. The Public Counsel concluded that the State Attorney had not overcome the complainant's prima facie case, and that:
[I]t is reasonable to believe that the Office of the State Attorney of the Ninth Judicial Circuit retaliated against Ms. Lindamood because of her whistle-blowing disclosures.
Pursuant to the Whistle-Blower's statute, Lindmood filed a complaint in the circuit court. She then filed a motion for temporary reinstatement.[2] At the hearing on her motion, Vose testified that he had fired quite a few state attorneys, but that Lindamood was the first one who had not been given a reason for termination. He stated that he had been involved with EEOC litigation for 15 years, and learned the less said the better. His position was that an assistant state attorney served at the pleasure of the State Attorney; therefore, it was not necessary to give Lindamood a reason for her termination. With respect to the disciplinary process denied Lindamood, he claimed utilization of this process was at the will of the State Attorney and entirely discretionary.
Section 112.3187 applies to this case.[3] Lindamood was an employee of the State Attorney's Office, which is an agency governed by the statute.[4] The purpose of the *832 statute is to prevent state agencies from taking retaliatory action against employees who report agency violations of law or who disclose certain types of information. § 112.3187(2); Dept. of Health v. Irven, 724 So.2d 698, 1999 WL 22435 (Fla. 2d DCA 1999); City of Miami v. Del Rio, 723 So.2d 299, 300 (Fla. 3d DCA 1998).
Two criteria must be met to trigger the operation of the statute. First, the information disclosed must be of a particular nature. An agency is prohibited from dismissing an employee or taking other "adverse action"[5] only if the nature of the information includes:
(a) Any violation or suspected violation of any federal, state or local law, rule or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety or welfare.
(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.
§ 112.3187(5). Second, the information must have been disclosed to an agency or federal government entity having the authority to investigate, police, manage or otherwise remedy the violation or act. § 112.3187(6); Kelder v. ACT Corp., 650 So.2d 647 (Fla. 5th DCA 1995). This specifically includes, but is not limited to, the Office of the Public Counsel. § 112.3187(6).
Any employee of a state agency, who is discharged because he/she engaged in an activity protected under this section, may file a complaint with the Office of the Public Counsel, inter alia. §§ 112.3187(8)(a), 112.31895(1)(a). After the Office of the Public Counsel notifies the employee that the investigation has been terminated, the employee may file a civil action. § 112.3187(8)(a). Section 112.3187(9), entitled "RELIEF," provides that the relief "must" include the following:
(f) Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome of the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Public Counsel, as applicable under s. 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employees .... (emphasis added)
In this case all of the statutory requirements of § 112.3187, which trigger its operation and require Lindamood's reinstatement, have been met. Lindamood was an employee of a state agency covered under this section. Prior to her termination, she made disclosures of the type protected by the statute, to the Office of the Public Counsel, an agency specifically authorized to investigate these kind of incidents. She was subsequently terminated, and she followed the procedures outlined in § 112.3187 by again filing a complaint with the Office of the Public Counsel. It determined that Lindamood's disclosures were not in bad faith or for a wrongful purpose, and that they were made prior to her termination.
*833 The statutory language of § 112.3187 is not ambiguous and the plain meaning of the statute must prevail. Metropolitan Dade County v. Milton, 707 So.2d 913 (Fla. 3d DCA 1998); Kelder. The statute should also be liberally interpreted to accomplish its intended purpose. Martin County v. Edenfield, 609 So.2d 27, 29 (Fla. 1992); Hutchison v. Prudential Ins. Co. of America, Inc., 645 So.2d 1047 (Fla. 3d DCA 1994). The relief spelled out in the statute mandates temporary reinstatement, where the employee complains of being discharged in retaliation for a protected disclosure, and the Office of the Public Counsel investigates and makes the required statutory findings.
We therefore reverse this cause and remand it back to the lower court for issuance of an order temporarily reinstating Lindamood pending the outcome of this proceeding.
REVERSED AND REMANDED.
DAUKSCH, W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The statute is entitled: "Adverse action against employee for disclosing information of specified nature prohibited; employee remedy and relief," or the "Whistle-blower's Act."
[2] Although Lindamood inartfully titled this motion as a motion for a temporary injunction, a review of the motion reveals its substance concerned only temporary reinstatement under § 112.3187. We therefore review it as such, declining to elevate form over substance. See Babcock v. Whatmore, 707 So.2d 702, 703 n. 3 (Fla.1998); Moreno Const., Inc. v. Clancy & Theys Const. Co., 722 So.2d 976, 978 (Fla. 5th DCA 1999).
[3] It pertains to and prohibits adverse action against an employee for disclosing certain information, and applies to "any state [agency], ... whether executive, judicial or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision. § 112.3187(3)(a). An employee is defined as "a person who performs services for, and under the control and direction of, or contracts with, an agency." § 112.3187(3)(b).
[4] There are two definitions of "state agency" with regard to the whistle-blower act, but they are not incompatible, and both encompass the State Attorney's Office. Section 112.3187(3)(a) defines agency as:

"Agency" means any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university.
Sections 112.3189(1)(a), relating to investigative procedures upon receipt of whistle-blower information from state employees, and 112.3195(1)(a), relating to investigative procedures in response to prohibited personnel actions, defines a state agency to be as that term is defined in § 216.011. Subsection 216.011(1)(kk) provides:
"State agency" or "agency" means any official, officer, commission, board, authority, council, committee, or department of the executive branch of state government. For purposes of this chapter and chapter 214, "state agency" or "agency" includes state attorneys, public defenders, the Capital Collateral Representative, and the Justice Administrative Commission." (emphasis supplied)
[5] Adverse action includes, but is not limited to, discharge. § 112.3187(3)(c).