824 So.2d 226 (2002)
AEROSPACE WELDING, INC., Appellant,
v.
SOUTHSTREAM EXHAUST & WELDING, INC., Wayne Chinloy, Christopher Chinloy, April Jost, William "Gene" Braley, and Roberto Penate, Appellees.
No. 4D02-490.
District Court of Appeal of Florida, Fourth District.
July 24, 2002.
Rehearing Denied September 5, 2002.
*227 G. Ware Cornell, Jr., and Arianne Bombalier Suarez of Cornell & Associates, P.A., Fort Lauderdale, for appellant.
Eric T. Salpeter of Zebersky & Payne, LLP, Hollywood, for appellee Southstream Exhaust & Welding, Inc.
SHAHOOD, J.
Appellant, Aerospace Welding, Inc., appeals from an Order Granting Defendant Southstream Exhaust & Welding, Inc.'s Motion to Dissolve Plaintiff's Temporary Injunction and from an Order Granting Defendant Southstream Exhaust & Welding, Inc.'s Motion for Entitlement to Attorney's Fees and Costs. We affirm.
Appellant filed a complaint against appellees seeking inter alia, a temporary restraining order without notice. The trial court granted the relief without notice holding as follows:
ORDERED AND ADJUDGED that said Motion is granted without notice. There exists a substantial danger that notice to Defendants of these proceedings will cause additional and substantial loss or damage to Plaintiff. Plaintiff is granted the following temporary injunctive relief ...
Southstream moved to dissolve the temporary injunction claiming that the temporary injunction was impermissibly vague and failed to state why notice should not be required. Further, Southstream claimed that the temporary injunction failed to set forth any findings of fact in contravention of rule 1.610(a)(2) and (c) of the Florida Rules of Civil Procedure and failed to articulate an irreparable harm or inadequate remedy at law.
Rule 1.610(a)(2) provides that a temporary injunction may be granted without written or oral notice to the adverse party if:
Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
Rule 1.610(c), also states in pertinent part:
Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
(emphasis supplied).
In order to obtain a temporary injunction, a moving party must prove the following: (1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest. See Infinity Radio, Inc. v. Whitby, 780 So.2d 248, 250 (Fla. 4th DCA), review denied, 796 So.2d 539 (Fla.2001). The moving party must have a clear legal right. See In re Estate of Barsanti, 773 So.2d 1206, 1208 (Fla. 3d DCA 2000). "Clear, definite, and unequivocally sufficient factual findings" must support each of these four criteria before the court may enter the injunction. See City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995).
In keeping with rule 1.610(a)(2)(c), it is necessary to do more than parrot each prong of the four-prong test for entry of a temporary injunction. See City of Jacksonville, *228 634 So.2d at 753. An application for temporary injunction is insufficient if it fails to set forth clearly, definitely and unequivocally sufficient factual allegations to support the conclusion of irreparable damage necessary to warrant intervention of a court of equity. See id.
We hold that the trial court was correct in granting the motion to dissolve the temporary injunction in that the order granting the temporary injunction neither specified the "reasons for entry ..." nor did it "describe in reasonable detail the act or acts restrained ...," in violation of rule 1.610(a)(2) and (c).
We also affirm the issue of attorney's fees and costs raised by appellant without comment. See Lake Worth Broad. Corp. v. Hispanic Broad., Inc., 495 So.2d 1234 (Fla. 3d DCA 1986); see also Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344 (Fla. 5th DCA 1989).
AFFIRMED.
STEVENSON and MAY, JJ., concur.