842 So.2d 253 (2003)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
FLORIDA COMMISSION ON HUMAN RELATIONS and Mavis Georgalis, Appellees.
No. 1D02-3020.
District Court of Appeal of Florida, First District.
April 10, 2003.
*254 Pamela S. Leslie, General Counsel; Marianne A. Trussell, Deputy General Counsel, Department of Transportation, Tallahassee, for appellant.
M. Stephen Turner and Martin A. Fitzpatrick, of Broad and Cassel, Tallahassee, for appellees.
WOLF, J.
State of Florida, Department of Transportation (DOT or the Department) appeals from a final order granting temporary reinstatement of Mavis Georgalis to her position of employment with DOT pursuant to section 112.3187(9)(f), Florida Statutes (2002). The Department argues that the Florida Commission on Human Relations (FCHR) failed to follow the statutory notice requirements of section 112.3187-112.31895, Florida Statutes, the "Whistle-blowers Act." DOT also argues 1) the trial court erred in granting temporary relief where no actual discharge took place, and 2) the trial court erred in not allowing DOT to present evidence concerning whether a discharge took place. We affirm the trial court's order.
Ms. Georgalis had been employed as a Manager of Specialized Technologies for DOT until April 1, 2002. On that date, while she was on vacation visiting her mother in Lake City, she was contacted by telephone and told to report to a meeting in Tallahassee with her supervisor, Nelson Hill. At that meeting she was presented with two letters: one letter was addressed to her and advised her that her services were no longer needed, the other letter asked Mr. Hill to accept her resignation. She claims she was given a choice between the two, and opted for resignation only in response to coercion. The Department does not dispute the accuracy of these facts.
On May 31, 2002, Ms. Georgalis filed a whistle-blower complaint with the FCHR, claiming she was fired because she participated in a complaint made by Clint Curtis, *255 a contractor under her supervision. She claims that the allegations of the complaint are protected by the Whistle-blower's Act which prevents state agencies from taking adverse action against employees who make protected disclosures to appropriate authorities. Section 112.3187(4), Florida Statutes. It also empowers FCHR to investigate complaints and request temporary reinstatement when appropriate. Section 112.31895, Florida Statutes.
On June 28, 2002, FCHR reviewed Ms. Georgalis' complaint and sent a letter to DOT requesting her reinstatement. The Department refused to reinstate Ms. Georgalis. FCHR then filed a "Petition For Expedited Order of Temporary Reinstatement Pending Outcome of Investigation," and a "Petition For Order To Show Cause." DOT filed its responses to these petitions.
On July 18, 2002, a hearing was held on FCHR's motions and DOT's responses. DOT's primary argument was that Ms. Georgalis resigned her position, and that the Whistle-blower Act only authorizes FCHR to seek temporary reinstatement when the employee has been discharged. At the hearing, the circuit judge reviewed copies of the termination and resignation letters, both dated April 1, 2002, and found that Ms. Georgalis was actually discharged. The court ordered DOT to temporarily reinstate her.
Section 112.3187(9)(f) provides for temporary reinstatement of an employee who alleges a violation of the Whistle-blowers Act:
Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Florida Commission on Human Relations, as applicable under s. 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency. This paragraph does not apply to an employee of a municipality.
In order to get relief a complainant must demonstrate the following: 1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency's personnel action against the employee. See Lindamood v. Office of the State Attorney, Ninth Judicial Circuit of Florida, 731 So.2d 829, 831 (Fla. 5th DCA 1999).
As an initial matter, we consider the order granting reinstatement to be an appealable final order in that there is no further judicial labor required of the circuit court. See Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983). Any proceedings on the underlying whistle-blower's complaint will be separate and distinct from the reinstatement case and will be conducted in the manner provided by section 112.31895(3) and (4), Florida Statutes.
We next address the Department's argument that Ms. Georgalis was not entitled to temporary relief because FCHR failed to follow the statutory time periods. It is undisputed that FCHR did not notify DOT of the filing of the complaint within three working days as required by section 112.31895(1)(b), Florida Statutes, nor is it disputed that FCHR failed to file the request for reinstatement with the circuit court within 15 days of filing the complaint as required by section 112.31895(3)(b), *256 Florida Statutes. We find, however, DOT's arguments regarding failure to comply with statutory time periods to be unpersuasive. The statute itself does not provide for any remedy when the agency fails to meet the statutory requirement. We must, therefore, look at the legislative intent to determine the appropriate remedy for failing to follow the statute.
With respect to time-limit statutes the general rule is that requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed ... a proper test of legislative intent is to focus on the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment.
J.W. v. Dept. of Children and Families, 812 So.2d 599 (Fla. 5th DCA 2002) (quotations and citations omitted).
The legislative intent of the Whistle-blower's Act is to prevent retaliatory action against employees who disclose misconduct on the part of public officials. Section 112.3187(2), Florida Statutes. The time periods contained within the statute constitute directions to FCHR to expeditiously handle complaints and seek relief for the complainant where it is warranted. It does not serve the legislative purpose to preclude a complaining employee from obtaining relief based upon FCHR's failure to follow statutory directives. See Department of Bus. Regulation v. Hyman, 417 So.2d 671 (Fla.1982) (finding failure to follow statutory time periods will not necessarily preclude agency action). In addition, DOT has failed to demonstrate that it was prejudiced by the lack of notice. Therefore, appellant is not entitled to reversal. See Hyman.
DOT next argues that the relief of temporary reinstatement is only available for actual discharge rather than constructive discharge. It is unnecessary for us to reach this argument because we agree with the trial court's determination based on the undisputed facts that an actual discharge took place.
The last argument we address concerns DOT's assertion that it was entitled to a full evidentiary hearing prior to Ms. Georgalis' temporary reinstatement. We reject this argument because there is no indication that DOT specifically asked for an evidentiary hearing in the trial court or asserted what factual matters needed to be resolved at the proposed evidentiary hearing. The judgment of the trial court is, therefore, affirmed.
WEBSTER and PADOVANO, JJ., concur.