936 So.2d 742 (2006)
BROWARD COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Roberta MEIKLEJOHN, Appellee.
No. 4D06-9.
District Court of Appeal of Florida, Fourth District.
August 23, 2006.
*743 Jeffrey J. Newton, Andrew J. Meyers and James D. Rowlee, Fort Lauderdale, for appellant.
William R. Amlong, Karen Coolman Amlong, and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for appellee.
MAY, J.
Broward County appeals a non-final order granting an employee's motion for preliminary injunction for reinstatement. The County argues the court erred in entering the injunction because the employee failed to establish irreparable harm. It also argues the court erred in failing to make requisite findings of fact and failing to impose a bond. We agree and reverse.
The employee began working for the County in 1986. She assumed the position of Storekeeper II in the Broward County Aviation Department at the Fort Lauderdale *744 Airport in March 2000. The Storekeeper II position required the individual to independently perform heavy manual labor and lifting of heavy objects, including bags of cement. The bags originally weighed eighty pounds, but are now packaged in sixty pound increments. The employee had never been able to move them without the assistance of someone else or a mechanical device. The employee was elected by her peers to act as a County Office of Equal Opportunity [OEO] Counselor, where she acted as a liaison between fellow employees and their supervisors if there was a grievance.
In 2002, the employee complained to her supervisors about sex discrimination in the Aviation Department. Her complaints included: (1) a lack of separate toilet facilities; (2) being passed over for promotion; (3) being told she would never be promoted; (4) disrespectful co-workers; and (5) the County's refusal to reclassify her job description at her request. In January 2003, the employee was passed over for the position of Contract Grants Administrator III, which required a four-year university degree that she did not possess.
The employee's supervisors referred her complaint to the OEO. The OEO contacted the employee, but she refused to discuss her complaint. Instead, she filed a complaint with the Equal Employment Opportunity Commission [EEOC], which was dismissed. Because of her refusal to cooperate with the OEO, she was removed from her liaison position.
In September 2003, the employee sustained a back injury on the job. The worker's compensation physician released her back to work the next day with a ten-pound lifting restriction. Since her supervisor did not find this to be an acceptable work restriction, the employee was placed on paid medical leave by the Aviation Department until December 2003. At that time, the employee returned to work with a ten to fifteen pound lifting restriction. In March 2004, she was deemed to have reached maximum medical improvement, leaving her with a permanent lifting restriction of no more than thirty pounds.
The employee filed a civil action against the County, alleging violations of the Florida Civil Rights Act of 1992.[1] Subsequently, the employee was again elected as the OEO liaison. However, the OEO refused to place her in that position because she had previously been removed for failing to assist in her own complaint investigation. In August 2004, the employee filed a second complaint with the EEOC. She claimed the County retaliated against her by removing her as the voluntary liaison. The EEOC dismissed the complaint.
From October 2004 to April 2005, the employee was absent from work on approved medical leave for a non-work related condition. Shortly after she took leave, the Aviation Department revised its job description for Storekeeper II to include the requirement of "heavy manual work lifting and moving stock weighing up to 80 lbs."
A month after she returned to work, the County informed her by letter that since she could not perform the heavy lifting requirement, she would be reassigned to customer service duties inside the airport terminal for forty-five days to allow her to transfer to a new position. She was instructed to register with the Human Resources Staffing Services Section to get assistance with finding a new position. During this period, the employee received the same pay and benefits as a Storekeeper II. Although the employee spoke to two human resource persons in the Aviation *745 Department, she did not register with the Human Resources Staffing Services Section. She directly applied for approximately twenty-five jobs within the County, but she was not interviewed.
After she was transferred to duty inside the airport terminal, the employee filed a third discrimination claim against the County. In July 2005, the employee served an amended complaint, alleging claims for discrimination and retaliation under both the Florida Civil Rights Act of 1992, and Florida's Whistle-blower's Act.[2] In addition to seeking to enjoin the County from future discrimination and damages, the employee requested instatement to the position of Contract Grants Administrator III. Alternatively, she requested "instatement to one of the positions for which she was passed over, or to an equivalent position, with the pay grade, benefits and seniority rights attendant to such position, or reasonable front pay as alternative relief." In September 2005, the County terminated the employee due to her inability to perform an essential job function, as a storekeeper II.
The employee filed a motion for injunctive relief. At the hearing, the County argued that loss of employment did not constitute irreparable harm and the employee had an adequate remedy at law in the form of back pay, damages, and reinstatement if she prevailed. The employee responded that the court should adopt a federal standard that presumes irreparable harm when there is a likelihood of success on the merits. The court indicated that it had doubts about the element of irreparable harm, and reserved ruling pending additional briefing.
While acknowledging skepticism of the employee's claims, the trial court granted the motion for preliminary injunction. It found the employee had satisfied three of the four requisites for injunctive relief. As to irreparable harm, the court adopted the minority federal view that supports a presumption of irreparable harm in discrimination and retaliation cases.
The County argues, and we agree, that the court erred in granting the preliminary injunction. First, the trial court erred in adopting the minority federal view and imposing the presumption of irreparable harm. Second, the court erred in failing to make the requisite findings of fact and in failing to require the posting of a bond. Third, the court erred because without the presumption, the employee was unable to establish the four requirements for issuance of a preliminary injunction.
We first address the court's reliance on a presumption of irreparable harm. The federal circuits are split on this issue. A minority federal view eliminates the movant's burden to establish irreparable harm by relying on a presumption of its existence. See, e.g., Middleton-Keirn v. Stone, 655 F.2d 609 (5th Cir.1981); Baker v. Buckeye Cellulose Corp., 856 F.2d 167 (11th Cir.1988). However, the majority of federal courts still require the movant to establish irreparable harm and do not subscribe to the presumption. See, e.g., DeNovellis v. Shalala, 135 F.3d 58 (1st Cir. 1998); Stewart v. United States Immigration and Naturalization Serv., 762 F.2d 193 (2d Cir.1985); Holt v. Cont'l Group, Inc., 708 F.2d 87 (2d Cir.1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1294, 79 L.Ed.2d 695 (1984); Marxe v. Jackson, 833 F.2d 1121 (3d Cir.1987); Moteles v. Univ. of Pa., 730 F.2d 913 (3d Cir.) cert. denied, 469 U.S. 855, 105 S.Ct. 179, 83 L.Ed.2d 114 (1984); EEOC v. Anchor Hocking Corp., 666 F.2d 1037 (6th Cir.1981); Ekanem v. *746 Health & Hosp. Corp. of Marion County, 589 F.2d 316 (7th Cir.1978); EEOC v. Pacific Press Publ'g Ass'n, 535 F.2d 1182 (9th Cir.1976).
The County argues that under Florida law, irreparable harm is presumed only when a government entity moves for an injunction to protect the public pursuant to its police power or when the underlying claim involves employment restrictive covenants. The County suggests the trial court erred by adopting the minority federal view, which is inconsistent with Florida law. We agree.
In 1974, the Supreme Court of the United States discussed the issue of irreparable harm for a discharged employee seeking equitable relief. Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).
`[T]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies'. . . The Court of Appeals intimated that either loss of earnings or damage to reputation might afford a basis for a finding of irreparable injury and provide a basis for temporary injunctive relief. We disagree.
Id. at 88-89, 94 S.Ct. 937 (citations and footnotes omitted). The Court disapproved of the presumption that had been applied, finding that even if the employee had made a sufficient showing of loss of income and damage to reputation, it would still fall "far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." Id. at 91-92, 94 S.Ct. 937.
The same is true in this case. Absent the presumption, the employee failed to establish the requisite irreparable harm warranting the issuance of the preliminary injunction.
In reviewing a trial court's decision to issue a preliminary injunction, we must first determine whether the motion sets out "clearly, definitely and unequivocally sufficient factual allegations to support the conclusion of irreparable damage necessary to warrant intervention of a court of equity." Aerospace Welding, Inc. v. Southstream Exhaust & Welding, Inc., 824 So.2d 226, 228 (Fla. 4th DCA 2002). The second step is to determine whether the moving party proved: "(1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest." Id. at 227.
Here, the employee neither alleged nor proved irreparable harm. But for the trial court's application of a presumption of irreparable harm, the employee was unable to satisfy this requirement for a preliminary injunction. Further, the alleged facts and proof established that she was unable to satisfy an essential function of the Storekeeper II position. Therefore, the employee failed to allege facts and prove that she would likely prevail on the merits of her claim.
The trial court did not seem too impressed either since it spent considerable time telling the employee all the reasons her case should fail. Because, however, she alleged the County retaliated against her by suddenly adding a descriptive weight to the materials she was required to move, the court concluded the employee had a likelihood of prevailing on the merits. Barely convincing a skeptical trial court of a movant's claims does not support the extraordinary remedy of a preliminary injunction for reinstatement.
There were technical errors in the order as well. First, the order failed to *747 state a factual basis to support each of the four elements of a preliminary injunction. See Fla. R. Civ. P. 1.610(c); City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 753-54 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995); accord Aerospace Welding, Inc., 824 So.2d at 227. The order simply stated that the plaintiff "satisfied the necessary criteria for injunctive relief except for the element of irreparable harm. . . ." And second, the order failed to include a bond as required by Rule 1.610(b), Florida Rules of Civil Procedure.
Rule 1.610 provides that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." "[T]he court must provide both parties the opportunity to present evidence as to the amount of an appropriate bond" at an evidentiary hearing. Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994). Here, the court neither held an evidentiary hearing nor required the posting of a bond.
Because the employee did not prove the requirements for issuance of a preliminary injunction, we vacate the injunction. This eliminates the need for the trial court to correct the other technical deficiencies. The case is remanded to the trial court for further proceedings.
Reversed.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] §§ 760.01-.11, 509.092, Fla. Stat. (2005).
[2] §§ 112.3187-.31895, Fla. Stat. (2005).