GROSS, J.
Because the circuit court improperly required the plaintiff below to meet the evi-dentiary standards for injunctive relief, we grant a petition for certiorari and remand this case to the circuit court for a new temporary reinstatement hearing under the Florida Whistle-blower’s Act.
This case was filed as an appeal from a non-final order denying the Mar-chettis’ motion for temporary reinstatement under section 112.3187(9)(f), Florida Statutes (2012). Concluding that we do not have jurisdiction to review this case as an appeal from a non-final order, we treat the appeal as a petition for writ of certio-rari. See Fla. R.App. P. 9.040(c) (stating that if a party seeks an improper appellate remedy, “the cause shall be treated as if *813 the proper remedy had been sought”); Fla. R.App. P. 9.030(b)(2)(A) (2011) (“The certiorari jurisdiction of district courts of appeal may be sought to review ... non-final orders of lower tribunals other than as prescribed by rule 9.130.”). “For an appellate court to review a nonfinal order by petition for certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment.” Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000).
Valerie Marchetti was an employee of the School Board of Broward County. In 2009, she overheard a telephone conversation between two Board employees that she felt raised potential issues of conflict of interest and improper influence. Ultimately, these issues resulted in the filing of criminal charges against a school board member and her husband by the Broward County State Attorney’s Office. Mrs. Marchetti gave a sworn statement to the State Attorney pursuant to a subpoena.
On May 18, 2011, Mrs. Marchetti was notified that her position would not be renewed for the 2011-12 fiscal year. The Board concedes that at no time was Mrs. Marchetti “the subject of a performance or disciplinary action” and does not contend “that Mrs. Marchetti’s cooperation with the SAO was in bad faith or for a wrongful purpose.”
Mrs. Marchetti and her husband filed a lawsuit which included a claim under section 112.3187, Florida Statutes (2012), the “Whistle-blower’s Act.” See §§ 112.3187-112.31895, Fla. Stat. (2012). They moved for Mrs. Marchetti’s temporary reinstatement under section 112.3187(9)(f), which provides:
(9) RELIEF — In any action brought under this section, the relief must include the following: (f) Temporary reinstatement to the employee’s former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction ... determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency’s initiation of a personnel action against the employee which includes documentation of the employee’s violation of a disciplinary standard or performance deficiency.
After a hearing on the motion for temporary reinstatement, the trial court entered an order denying the motion. At the hearing, the judge reasoned that the Marchet-tis must first establish the necessary elements of injunctive relief under Florida Rule of Civil Procedure 1.610 before being entitled to temporary reinstatement under the statute.
The trial judge erred in importing the requirements of Rule 1.610 into the “temporary reinstatement” authorized by section 112.3187(9)(f). The statute differentiates between the remedies of injunc-tive relief and temporary reinstatement. To require the elevated level of proof necessary for injunctive relief would undermine the purpose of temporary reinstatement, which is to keep a whistle-blower on the job during the pendency of the lawsuit unless the statutory requirements for termination are met.
Section 112.3187 is intended to “prevent agencies or independent contractors from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse ... of duty on the part *814 of an agency, public officer, or employee.” § 112.3187(2), Fla. Stat. (2012).
Subsection 112.3187(9) sets forth the required relief in actions brought under the Act. The statute separates “temporary reinstatement” in subsection 112.3187(9)(f) from the “[ijssuance of an injunction, if appropriate” in subsection (9)(e), where the concept of “appropriateness” incorporates the requirements of Rule 1.610. When an employee complains of being discharged in retaliation for a “protected disclosure,” temporary reinstatement is required if a court determines that such a disclosure was (1) “not made in bad faith or for a wrongful purpose” or (2) “occurred after an agency’s initiation of a personnel action against the employee which includes documentation of the employee’s violation of a disciplinary standard or performance deficiency.” To qualify for relief under subsection 112.3187(9)(f), a plaintiff is required only to make the showing required under the statute and not under Rule 1.610.
The Fifth District noted this distinction in Lindamood, v. Office of the State Attorney, Ninth Judicial Circuit, 731 So.2d 829, 831, n. 2 (Fla. 5th DCA 1999). In Lindamood, an assistant state attorney sued the State Attorney pursuant to the Whistle-blower’s Act, and challenged - a non-final order which denied her temporary reinstatement to her former position. Id. at 830. The appellate court noted that
[a]lthough [the assistant state attorney] inartfully titled [her] motion as a motion for temporary injunction, a review of the motion reveals its substance concerned only temporary reinstatement under § 112.3187. We therefore review it as such, declining to elevate form over substance. See Babcock v. Whatmore, 707 So.2d 702, 703 n. 3 (Fla.1998); Moreno Const., Inc. v. Clancy & Theys Const. Co., 722 So.2d 976, 978 (Fla. 5th DCA 1999).
Id. at 831 n. 2. Reviewing the motion as one for temporary reinstatement, the appellate court reversed by holding “[t]he relief spelled out in the statute mandates temporary reinstatement” where the plaintiff meets all of the statutory requirements. Id. at 833; see also State, Dep’t of Transp. v. Fla. Comm’n on Human Relations, 842 So.2d 253, 255 (Fla. 1st DCA 2003) (“In order to get [temporary reinstatement] relief a complainant must demonstrate the following: 1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency’s personnel action against the employee.”).
Relied upon by the Board, Broward County v. Meiklejohn, 936 So.2d 742 (Fla. 4th DCA 2006), is distinguishable. In that case, the plaintiff alleged discrimination claims under the Florida Civil Rights Act of 1992[1] and also made a claim under section 112.3187. Id. at 744-45. The plaintiff “filed a motion for injunctive relief’ under the Civil Rights Act and argued to the trial court that it should adopt a “federal standard” to rule, an argument commonly made because of the similarity between state and federal discrimination statutes. Id. at 745. From this we conclude that the appeal in Meiklejohn was from a motion for temporary injunction filed under the Civil Rights Act, rather than a motion for temporary reinstatement under section 112.3187(9)(f).
This is a case that meets the requirements of certiorari jurisdiction. The departure from the specific prerequisites *815 of section 112.3187(9)(f) was a departure from the essential requirements of law; such a departure cannot be remedied on appeal following final judgment, because by that time it would be too late for the plaintiff to obtain the temporary reinstatement contemplated by the statute.
For these reasons, we reverse and remand for a new hearing on the motion for temporary reinstatement, where the trial court shall require only that the Marchet-tis satisfy the requirements of section 112.3187(9)(f) and not Rule 1.610 for injunctions.
GERBER and FORST, JJ., concur.

. Sections 760.01-.il, 509.092, Florida Statutes (2005).