DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT SHAW,**
Appellant,

v.

**TOWN OF LAKE CLARKE SHORES,**
Appellee.

No. 4D13-2146

[August 5, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin Rosenberg and Joseph Marx, Judges; L.T. Case No. 2011CA013611XXXXMB.

Isidro Garcia of Garcia Law Firm, P.A., West Palm Beach, for appellant.

Michael R. Piper and Christopher J. Stearns of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, PA, Fort Lauderdale, for appellee.

FORST, J.

Appellant Robert Shaw appeals the trial court's orders dismissing his first and second amended complaints against Appellee Town of Lake Clarke Shores (the "Town") with prejudice. Appellant brought suit against the Town, alleging violations of his rights under the Florida Public Sector Whistle-blower's Act when he was terminated from his employment as a police officer. Appellant claims his termination was in violation of his rights after he anonymously sent a letter to a neighboring village's council and mayor, alleging misconduct on the part of an employee of that village. We affirm, without discussion, the orders of dismissal as to the two counts in the second amended complaint alleging violations of the Florida Civil Rights Act and the Palm Beach County Equal Employment Ordinance. We also affirm the order of dismissal as to the Whistle-blower's Act violation allegation for the reasons stated below.

Appellant's wife was employed as a dispatcher by a neighboring municipality, the Village of Palm Springs (the "Village"). During her employment at the Village, Appellant's wife filed a charge of discrimination against her supervisor for discriminatory and harassing conduct during

and after her pregnancy. When the Village began its search to select a new chief of police, this supervisor was a candidate. Appellant was concerned that the supervisor would misuse the office and power to punish his wife. As a result, Appellant anonymously sent a letter to the Village council members and the mayor concerning the supervisor.

Through the Palm Beach County Sheriff Office's Internal Affairs Department, the Town conducted an internal administrative investigation concerning the letter, in which Appellant participated and, in the course of, admitted to writing the letter. Appellant then was terminated from his employment based on charges that, during work hours, he wrote the letter on his office computer and delivered it to the post office.

The Whistle-blower's Act component of Appellant's complaint alleges that he made a written complaint to an agency (the Village) and was subsequently required to participate in an investigation where he admitted that he authored the anonymous letter, leading to his termination from his employment with the Town "[a]s a direct result of said admission." The trial court dismissed the complaint with prejudice.

This Court reviews an order dismissing a complaint with prejudice de novo. *Buck v. Columbia Hosp. Corp. of S. Broward*, 147 So. 3d 604, 606 (Fla. 4th DCA 2014).

The Florida Public Sector Whistle-blower's Act (the "Act") was enacted "to prevent agencies . . . from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee." § 112.3187(2), Fla. Stat. (2011). To overcome a motion to dismiss for failure to state a cause of action with a retaliation claim under the Act, the complaint must include sufficient facts to allege: (1) the plaintiff engaged in a protected activity (i.e. a protected disclosure); (2) the plaintiff suffered an adverse employment action; and (3) the two events are not wholly unrelated. *Dep't of Children & Families v. Shapiro*, 68 So. 3d 298, 305-06 (Fla. 4th DCA 2011).

The types of disclosures protected by the Act, relevant to the instant case, are (1) disclosures made in a "written and signed complaint" upon the employee's own initiative and (2) disclosures made when the employee is "requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity." § 112.3187(7), Fla. Stat. (2011). The actual information disclosed must concern:

(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.

(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

§ 112.3187(5), Fla. Stat. (2011).

Appellant's disclosures in both the letter and during the investigation fail to meet the standards for protection under the Act. First, in regards to Appellant's written complaint, Appellant failed to sign the letter and instead sent it anonymously. An anonymous letter creates issues of proof as to who the whistle-blower is at the time the disclosure is made, which is contrary to the purpose of the requirement. *See Hutchison v. Prudential Ins. Co. of Am., Inc.,* 645 So. 2d 1047, 1050 (Fla. 3d DCA 1994).

Where the letter fails as a protected disclosure, Appellant then argues that the protected activity was his participation in the Town's internal investigation to determine who authored the anonymous letter. Appellant alleged that he disclosed authoring the letter during the internal investigation and mentioned answering questions, but the complaint failed to allege what was actually disclosed. Merely disclosing that he authored the letter is not a disclosure concerning a violation of law or act of gross mismanagement or other disclosure listed above. § 112.3187(5), Fla. Stat. (2011).[1]

Accordingly, because Appellant failed to sufficiently allege that he engaged in a protected activity under the Whistle-blower's Act, the motion to dismiss was properly entered. Appellant's failure to sign the letter disclosing the supervisor's alleged misconduct precludes that letter from being a protected disclosure under the Whistle-blower's Act. The complaint's vagueness regarding the Town's investigation and what was disclosed therein also precludes Appellant from asserting that his

---

[1] The complaint notes that the Town "conducted a separate investigation," as distinct from the Village's "criminal investigation to determine who wrote the letter." However, the complaint does not allege that the purpose of the Town's investigation was to delve into the letter's substantive allegations.

3

participation in the investigation constitutes a statutorily protected expression. *Scheirich v. Town of Hillsboro Beach*, 2008 WL 186621, at *5 (S.D. Fla. Jan. 18, 2008) (holding that the alleged disclosures as pleaded in the complaint were insufficient because they "were too vague"). Therefore, we affirm.

*Affirmed.*

DAMOORGIAN and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

4