DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAM HATFIELD,**
Petitioner,

v.

**NORTH BROWARD HOSPITAL DISTRICT,**
Respondent.

No. 4D18-3483

[May 1, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 18-008115 (02).

William R. Amlong, Karen Coolman Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for petitioner.

Jennifer Olmedo-Rodriguez of Buchanan Ingersoll & Rooney PC., Miami, and Jesse H. Diner and Kelly H. Kolb of Buchanan Ingersoll & Rooney, P.C., Fort Lauderdale, for respondent.

PER CURIAM.

Pam Hatfield petitions for certiorari review of an order denying her motion for temporary reinstatement under the Florida Whistle-blower's Act. Finding no departure from the essential requirements of law, we deny the petition.

Hatfield worked as an executive secretary at the North Broward Hospital District (NBHD). NBHD is a local governmental entity with taxing authority. *Eldred v. N. Broward Hosp. Dist.*, 498 So. 2d 911, 914 (Fla. 1986). Hatfield was subpoenaed by the State Attorney's Office as part of an investigation of NBHD Sunshine Law[1] violations. She gave a sworn statement to the State Attorney's Office in December 2016 and testified before a grand jury in September 2017.

---

[1] § 286.011, Fla. Stat.

At the time, Hatfield's direct supervisor was NBHD's interim president. The grand jury indicted the supervisor and other NBHD officials for Sunshine Law violations, including holding non-public meetings and conspiracy to violate the law. The board of commissioners subsequently named Hatfield's supervisor as the permanent president/CEO. In January 2018, Hatfield was transferred to a comparable position, and she was fired in March 2018, when her new position was eliminated.

Hatfield filed a complaint under the Whistle-blower's Act and moved for temporary reinstatement pursuant to section 112.3187(9)(f), Florida Statutes (2018), pending the final outcome of her complaint. At a hearing on her motion, the parties disagreed about whether her allegations met the statutory requirements for a whistle-blower claim. In part, they disagreed about whether Hatfield would have to reveal what was disclosed to the State Attorney's Office or the grand jury in order to state a sufficient claim of retaliation for a protected disclosure. Hatfield wanted the court to infer that she was fired for her grand jury testimony. The court understood that she could not disclose what she told the grand jury. But, the court also recognized that the grand jury could have heard from other witnesses, and Hatfield may not have testified about any violations of law or other wrongdoing by NBHD officials. Hatfield maintained that a request by any agency for her to participate in an investigation is enough for protection under the act. *See* §112.3187(7), Fla. Stat. (2017) (identifying categories of protected persons). The trial court concluded that she did not make a prima facie showing of entitlement to temporary reinstatement and denied her motion.

Certiorari is available to review an order denying temporary reinstatement under the Whistle-blower's Act if the order departs from the essential requirements of law. *Marchetti v. Sch. Bd. of Broward Cty.*, 117 So. 3d 811, 814-15 (Fla. 4th DCA 2013).

Hatfield raises four challenges to the trial court's order. We address only one, finding it dispositive. She contends that, because she is prevented by section 905.27, Florida Statutes (2017), from disclosing her grand jury testimony, she does not have to reveal the "[n]ature of [the] information disclosed" pursuant to section 112.3187(5) for whistle-blower protection.

The public sector Whistle-blower's Act is intended to prevent

> retaliatory action against an employee who reports to an
> appropriate agency violations of law on the part of a public

2

employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare . . . [and] to prevent agencies or independent contractors from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.

§ 112.3187(2), Fla. Stat.

Section 112.3187(5) requires that the information disclosed "must include:"

(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.

(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

Relief under the Whistle-blower's Act requires a protected disclosure. *See, e.g., Shaw v. Town of Lake Clarke Shores*, 174 So. 3d 444, 446 (Fla. 4th DCA 2015) (concluding that a police officer did not state a sufficient whistle-blower claim, based upon a request to participate in an investigation, where the complaint did not allege what was disclosed during the investigation and thus "failed to sufficiently allege that he engaged in a protected activity"). Section 112.3187 does not include an exception for grand jury proceedings, and the grand jury statute, section 905.27 cannot be used to create an exception that is contrary to the plain language in the whistle-blower statute. Without knowing the nature of any information Hatfield disclosed, she cannot show that she is entitled to mandatory temporary reinstatement under section 112.3187(9)(f).

Because she has failed to show a clear departure from the essential requirements of law, we deny the petition.

GERBER, C.J., WARNER and GROSS, JJ., concur.

3

*        *        *

*Not final until disposition of timely filed motion for rehearing.*