DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROWARD COUNTY SHERIFF'S OFFICE,**
Petitioner,

v.

**HEATHER HAMBY,** an individual,
Respondent.

No. 4D20-108

[July 15, 2020]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Broward County; Keathan Frink, Judge; L.T. Case No. CACE-19-008701 Div. 12.

Carmen Rodriguez and Caroline Sand of the Law Offices of Carmen Rodriguez, P.A., Palmetto Bay, for petitioner.

Andrew Obeidy of Obeidy & Associates, P.A., Fort Lauderdale, for respondent.

CONNER, J.

Broward County Sheriff's Office ("BSO") seeks certiorari review of an order granting respondent Heather Hamby's motion for temporary reinstatement pending the outcome of her complaint against BSO under section 112.3187(9)(f), Florida Statutes (2018), Florida's Whistle-blower's Act ("the WBA"). Because Hamby's amended complaint and the record do not establish that she made a disclosure protected by the WBA, we grant the petition.

*Background*

Hamby was hired by BSO as a deputy sheriff and placed on probationary status as a new hire. Eighteen months later, she was terminated while still on probationary status. After being terminated, she filed a complaint in circuit court against BSO asserting a claim under the WBA.

In an amended complaint, Hamby alleged that she was retaliated against for making disclosures protected under the WBA.  She alleged that she attended a "roll call" meeting with a department head, a major, who was investigating complaints that her supervisor was creating a hostile work environment.  She alleged that she made her disclosures directly to, and at the request of, the major.  Regarding the content of the protected disclosures, she alleged that she corroborated allegations made by a fellow deputy in an Equal Employment Opportunity Commission complaint that her supervisor had created a "discriminatory, harassing, and hostile work environment."  She further disclosed that she herself had experienced similar conduct by the supervisor and that the supervisor had a continuous pattern of managerial abuse.

Hamby subsequently filed a verified motion for temporary reinstatement under section 112.3187(9)(f), Florida Statutes.  In the motion, regarding her protected disclosures, Hamby did not repeat the allegations in the amended complaint but instead simply alleged that she confirmed the allegations of a fellow officer that her supervisor had subjected her and two other deputies to "an unlawful hostile environment."  She additionally alleged that she and the other named deputies had been subjected to "adverse employment actions based on various protected classes (Age, and National Origin)."  She further alleged that shortly after the roll call meeting, she was given a "Performance Improvement Plan" and her probationary period was extended.  She also alleged that she was later given a reprimand and her probationary period was extended a second time.  She alleged that her disclosures ultimately caused her to be terminated.

Following a ten-minute non-evidentiary hearing, the trial court entered an order granting Hamby's motion and requiring BSO to reinstate her to her former position or an equivalent position.  The trial court found that Hamby was entitled to temporary reinstatement under section 112.3187(9)(f) because she made a disclosure about an "unlawful work environment" during an investigation, the disclosure was not made in bad faith or for a wrongful purpose, and she was terminated after making the disclosure.

*Analysis*

"Certiorari is available to review an order denying temporary reinstatement under the [WBA]."  *Hatfield v. N. Broward Hosp. Dist.*, 277 So. 3d 121, 122 (Fla. 4th DCA 2019) (citing *Marchetti v. Sch. Bd. of Broward Cty.*, 117 So. 3d 811, 814 (Fla. 4th DCA 2013)).  We see no reason

2

that certiorari review should not likewise be available to review an order *granting* temporary reinstatement.[1]  Just as loss of temporary reinstatement is a harm to the employee that cannot be remedied on appeal, *see Marchetti*, 117 So. 3d at 815, improper temporary reinstatement is a harm to the employer that cannot be remedied on appeal.  Thus, we are satisfied that the jurisdictional requirement of irreparable harm has been met in this case.

In addition to meeting the jurisdictional requirement of irreparable harm, to be entitled to certiorari relief, BSO must establish a departure from the essential requirements of the law.  *Nader v. Fla. Dep't of Highway Safety and Motor Vehicles*, 87 So. 3d 712, 721-22 (Fla. 2012).  A departure from the essential requirements of law is more than mere legal error; it is "a violation of a clearly established principle of law resulting in a miscarriage of justice."  *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 529 (Fla. 1995) (citation omitted); *see also Williams v. Oken*, 62 So. 3d 1129, 1133 (Fla. 2011).

Under section 112.3187(9)(f), a plaintiff who files a WBA complaint is entitled to temporary reinstatement to her former position or an equivalent position pending the outcome of the complaint if she "complains of being discharged in retaliation for a protected disclosure" and a court "determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employee."  § 112.3187(9)(f), Fla. Stat.; *see Marchetti*, 117 So. 3d at 814; *State, Dep't of Transp.*, 842 So. 2d at 255.

Section 112.3187(5), Florida Statutes, describes the information that must be disclosed to obtain whistle-blower protection:

The information disclosed under this section must include:

(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor *which creates*

---

[1] We acknowledge that the First District has treated review of orders granting temporary reinstatement as final appeals.  *State, Dep't of Transp. v. Fla. Comm'n on Human Relations*, 842 So. 2d 253, 255 (Fla. 1st DCA 2003).  We continue to use certiorari review because we deem it to be a more expeditious process if an order granting or denying temporary reinstatement is entered erroneously.  We leave for another day whether to adopt the final appeal position of the First District.

*and presents a substantial and specific danger to the public's health, safety, or welfare.*

(b) Any act or suspected act of *gross mismanagement, malfeasance, misfeasance, gross waste of public funds,* suspected or actual Medicaid fraud or abuse, or *gross neglect of duty* committed by an employee or agent of an agency or independent contractor.

§ 112.3187(5), Fla. Stat. (2018) (emphases added).

BSO argues that the "vague and conclusory allegations" in Hamby's amended complaint and verified motion were insufficient to establish that she made a disclosure protected by the WBA. BSO further argues that the record is devoid of specific facts as to what Hamby actually disclosed and how her supervisor created a hostile work environment. In response, Hamby argues that her allegation that she disclosed "discrimination and harassment on the basis of Age and National Origin" was sufficient to show that she made a protected disclosure.

We agree with BSO that Hamby's vague and conclusory allegations were insufficient to show a protected disclosure under the WBA. *Hatfield*, 277 So. 3d at 123 (holding that a plaintiff who alleged that she made a protected disclosure by testifying before a grand jury in an investigation of her supervisor and others for Sunshine Law violations was not entitled to temporary reinstatement because she did not reveal the nature of her testimony); *see also Shaw v. Town of Lake Clarke Shores*, 174 So. 3d 444, 446 (Fla. 4th DCA 2015) (holding that the plaintiff in a whistleblower case did not establish that he made a protected disclosure where he alleged that he disclosed authoring an anonymous letter during an internal investigation but failed to allege what was actually disclosed in the letter); *Nazzal v. Fla. Dep't of Corr.*, 267 So. 3d 1094, 1097 (Fla. 1st DCA 2019) (holding that a conclusory statement alleging disparate treatment was insufficient to show a protected disclosure because the complainant "did not elaborate on how (or by whom) she was treated disparately or how any such disparate treatment was based on a protected characteristic such as her national origin"); *Caldwell v. Fla. Dep't of Elder Affairs*, 121 So. 3d 1062, 1063 (Fla. 1st DCA 2013) (holding that a complainant failed to sufficiently allege that she made a protected disclosure where she alleged only that she contacted a federal investigator "to alert him to the condition of the Ombudsman program and the gross misfeasance and malfeasance that were occurring within" and failed to "describe any act or suspected act of misfeasance or malfeasance"); *Stanton v. Fla. Dep't of Health*, 129 So. 3d 1083, 1084 (Fla. 1st DCA 2013) (affirming an agency's dismissal of

a whistleblower complaint where complainant alleged, without specific facts, that he reported "in writing the misuse of funds" by a Department of Health regional coordinator).

In the amended complaint, Hamby mentioned an EEOC complaint filed by a fellow deputy but failed to give any details of the actions alleged in the EEOC complaint. She also alleged that she corroborated the complaint of a coworker that her supervisor "created a discriminatory, harassing, and hostile work environment" but again gave no specific facts as to the manner in which the supervisor discriminated, harassed, or made the work environment hostile. She further claimed that she "disclosed that she had been personally subjected to discrimination and harassment by her direct supervisor," and that her supervisor "had a continuous pattern of managerial abuse, wrongful and arbitrary actions," but again gave no specific details.

Similarly, in the verified motion, Hamby asserted that a coworker "complained about the hostile environment" he was being subjected to by the supervisor but provided no further information. In another paragraph, she alleged that she and two named deputies were subjected to a hostile work environment created by the supervisor and to "adverse employment actions based on various protected classes (Age, and National Origin)," but she did not describe in what way the work environment was hostile or identify what "adverse employment actions" her supervisor engaged in to demonstrate discrimination based on "Age, and National Origin."

Without any specific factual details, it cannot be discerned from the allegations in the amended complaint or the motion that Hamby disclosed information that her supervisor committed a "violation . . . which creates and presents a substantial and specific danger to the public's health, safety, or welfare" or "any act . . . of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty," as required by section 112.3187(5). Additionally, the appellate record does not establish that a sufficient evidentiary showing of a protected disclosure was made.

For these reasons, we conclude the trial court departed from the essential requirements of law, and we grant the petition and quash the order of temporary reinstatement.[2]

---

[2] We agree with the Fifth District's conclusion that an appellate decision reviewing an order regarding temporary reinstatement will not generally result in the application of the law of the case doctrine as to the final outcome of the case because the issue of temporary reinstatement is decided "after a temporary

*Petition granted; order of temporary reinstatement quashed.*

GROSS and CIKLIN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

hearing—prior to the parties having a full opportunity to conduct discovery." *Pritz v. Sch. Bd. of Hernando Cty.*, 260 So. 3d 1117, 1120 (Fla. 5th DCA 2018).